Dorothy DANIELS et al.,
Plaintiffs-Appellants,

v.

Richard L. CHAMPION et al.,
Defendants-Respondents.

No. 40633.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 1979.

John L. Sullivan, St. Louis, for plaintiffs-appellants.

Kent E. Karohl, Kirkwood, for defendants-respondents.

CRIST, Judge.

Plaintiffs sued to set aside several joint tenancy accounts and two deeds on grounds of mistake and/or undue influence. The trial court, sitting without a jury, found the issues in favor of defendants and, we affirm.

Sixty-seven year old Magdelene Spachek died March 19, 1977, some five months after the death of Albert, her third husband. She left two sisters as her sole heirs, one of whom's son, Richard L. Champion, and his wife, Imogene, were the recipients of Mrs. Spachek's estate via the joint tenancy accounts and two deeds here at issue.

Magdelene remained in close communication with her sisters during most of her life. There was no evidence that she had reason to disinherit them. However, in February of 1976, Magdelene and Albert began adding Richard's name to their joint accounts and certificates. Upon Albert's death, these accounts and certificates were then transferred to Magdelene and Richard jointly, with right of survivorship. Magdelene also deeded all of her real estate to Richard, reserving unto herself a life estate. Both parties agree that the transfers of all such properties were in due and proper form.

Sometime after having disposed of all property in the manner described above, she had a will prepared. And, although there was no property remaining for disposition under the will, she apparently told her sisters that she was glad the will treated her relatives so equally.

A successful plaintiff must prove undue influence and/or mistake by clear, cogent and convincing evidence. *Steller v. Steller*, 401 S.W.2d 473, 478 (Mo.1966).

The presently existing standard of review requires that we affirm the trial court's ruling unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment below must be presumed correct and the burden of proving it erroneous rests upon plaintiffs. Insofar as testimony is inconsistent, we accord deference not only to the trial court's finding depending on credibility but also to that court's conclusions. *Snadon v. Gayer*, 566 S.W.2d 483, 491 (Mo.App.1978). Also, see *Obermoeller v. Speck*, 544 S.W.2d 21 (Mo.App.1976). Further, the trial court, when sitting as the trier of fact, may believe all or none of the testimony of a witness, or accept it in part and reject it in part. *Mangan v. Mangan*, 554 S.W.2d 418, 421 (Mo.App.1977).

Having reviewed the transcript and the briefs, we are of the opinion that the record supports the findings, conclusions and judgment of the trial court. We find no mistake. There was evidence Magdelene was a strong-minded person until the end; was mentally, emotionally and physically competent to manage her own affairs; habitually read all papers before signing them; lived alone and drove her own motor vehicle to and from her various personal, social and business transactions; had substantial experience with the joint accounts which are the subject of this action; was advised as to the nature and legal effect of the joint accounts; and, excepting for her close relationship with her nephew, there appeared no substantial evidence from which to conclude Richard substituted his will for the free will of Magdelene.

Affirmed.

DOWD, P. J., and REINHARD, J., concur.