Ada WINGATE, Administratrix of the Estate of Rosa Hazel Griffin, Ada Wingate, Junior Griffin, Dale Griffin and Clyde Griffin, Appellants,

v.

Betty GRIFFIN, Respondent.

No. WD 31331.

Missouri Court of Appeals, Western District.

Dec. 30, 1980.

James T. Holcomb of Holcomb & Roberts, Trenton, for appellants.

Allan D. Seidel of Miller, Humphreys & Seidel, Trenton, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and TURNAGE, JJ.

PER CURIAM:

This is an action to set aside a warranty deed on lack of mental capacity in and by virtue of undue influence over the grantor. The trial court entered judgment for the surviving grantee. The judgment is affirmed.

This cause, having been tried to the court without a jury, brings the review of same within Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment is to be affirmed unless it is not supported by substantial evidence, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law.

Neither party requested findings of fact or conclusions of law and absent such request, none are required of the trial court, see *Skinner v. Henderson*, 556 S.W.2d 730 (Mo.App.1977). When findings and conclusions are not requested, all fact issues are to be found in accordance with the result reached by the trial court, see *Marriage of Badalamenti*, 566 S.W.2d 229 (Mo. App.1978).

■ A trial court judgment is presumed correct, with the burden of proving it erroneous resting upon appellant, see *Daniels v. Champion*, 592 S.W.2d 869 (Mo. App.1979). Wherein it exists and to the extent that the record contains inconsistent testimony, the reviewing court will defer to the trial court's findings upon credibility and conclusions, see *Snadon v. Gayer*, 566 S.W.2d 483 (Mo.App.1978).

Appellants present one point on appeal, alleging that the trial court erred in finding the evidence was sufficient that the deed in question was executed free from undue influence upon the grantor by the grantees.

The issue of mental capacity has been expressly abandoned on this appeal by way of declaration of same within appellants' brief. This leaves only the question of whether or not the evidence herein was substantial to support the judgment that the execution of the deed was free of undue influence by the grantees under the deed.

Rosa Griffin (now deceased), the grantor on the deed, was the mother of seven children. In the mid-1940's, her husband abandoned her and her children. Rosa never acquired any real property and had no personal property other than a few cows, hogs and limited farm machinery. Rosa's children, appellants herein, grew, married and created their own households. One son, Gilbert Griffin (now deceased), acquired some property in partnership with his brother-in-law in the 1950's. Gilbert bought out the interest of his brother-in-law in 1957. In 1962, Gilbert bought the property now subject to the questioned deed. The deed to the property was executed to Gilbert and Rosa as joint tenants.

Rosa resided with Gilbert until she entered a nursing home in 1974. On May 17, 1976, Rosa executed a warranty deed of all her interest in said property to Gilbert and his wife, Betty Griffin. Gilbert died on May 20, 1976 and following his death, appellants discovered that Rosa had executed the deed. Respondent filed the deed with the recorder's office following Gilbert's death.

Appellants contend that the deed was executed as a result of undue influence exerted upon the grantor Rosa by Gilbert Griffin and his wife Betty. Appellants attempted to show that Rosa was physically and mentally incapable of competently executing the deed. Rosa was a 79-year-old woman who suffered from arthritis and arteriosclerosis. She had taken Darvon for control of the pain and in 1971, was committed to the State Hospital at St. Joseph, Missouri, for Darvon withdrawal. The Darvon withdrawal was an isolated incident and the medical doctor who testified stated that she no longer suffered from any mental disorder as a result of the Darvon incident. The evidence showed Rosa to be oriented as to time, place and persons around her. Her children had an affectionate and continual relationship with her and she appeared to display no favoritism to one child over another.

One of Rosa's daughters testified for respondent. She stated that Rosa had disclosed to her that she (Rosa) had executed a deed to the property to her son Gilbert. This witness stated that Rosa was alert, aware that she was receiving social security and aware of persons around her. In addition, counsel for respondent testified to the details surrounding the actual execution of the deed. The deed was executed in counsel's office and Rosa, it was stated, was aware of the deed and the purpose thereof, and freely executed the deed.

The evidence in the instant case simply fails to support a finding of undue influence by the grantees upon the grantor for purposes of execution of the deed.

■ The cancellation of a deed is an extraordinary proceeding in equity and in order to justify such cancellation, the evidence in support thereof must be clear, cogent and convincing, see *Davis v. Pitti*, 472 S.W.2d 382 (Mo.1971) and *Bolin v. Anders*, 559 S.W.2d 235 (Mo.App.1977). The evidence in the instant case fails to meet the *clear, cogent* and *convincing* test.

■ Undue influence has long been a recognizable basis for setting aside deeds and other instruments, and has been defined as influence which by force, coer-

cion or overpersuasion destroys the free agency of a grantor, see *Houghton v. West*, 305 S.W.2d 407 (Mo.1957). That such influence is capable of proof by inference and need not be proven by direct evidence, see *Wilhoit v. Fite*, 341 S.W.2d 806 (Mo.1960). The mental and physical condition of a grantor is a relevant factor to prove or disprove undue influence, see *Wilhoit v. Fite* and *Houghton v. West, supra.*

In the instant case, there was no evidence of any consideration for the execution of the deed, and this of course was part of appellants' argument herein; but although consideration is an element to be considered in cases of alleged undue influence, the lack of consideration alone will not invalidate a deed as between parent and child, see *Davis v. Pitti, supra.*

To create a presumption of undue influence, our courts have required not only a fiduciary or confidential relationship, but also evidence from which undue influence can be inferred. Further, as regards mental capacity, our courts have distinguished the required mental capacity for arms length conveyance from a conveyance in gift form. In cases dealing with gift conveyance, such transactions will usually be upheld if the grantor knows the extent of the property, the relatives and the respective claims on the grantor's bounty, see *Peterein v. Peterein*, 408 S.W.2d 809 (Mo. 1966). That mental weakness standing alone will not support the setting aside of a conveyance in absence of proof that the grantor cannot reasonably comprehend the nature and effect of his or her acts, see *Martin v. Norton*, 497 S.W.2d 164 (Mo.1973) and *McCoy v. McCoy*, 360 Mo. 199, 227 S.W.2d 698 (1950); nor will the fact that a conveyance treats one child more generously than another child suffice as grounds to set the conveyance aside on presumed undue influence, see *Goodman v. Griffith*, 238 Mo. 706, 142 S.W. 259 (1911). Where the conveyance is to a blood relative, courts are more reluctant to declare such conveyance as an unnatural disposition of the property, see *Bolin v. Anders, supra.*

Returning to the instant case, this court finds that the evidence herein does not support the allegation that the grantor Rosa Griffin lacked the mental capacity to freely execute the deed. In addition, there is no evidence that the grantees to the deed exercised any influence over the grantor in the execution of the deed. The evidence on the side of undue influence fails to meet the standard that it be clear, cogent and convincing.

The judgment in the instant case is found to be supported by substantial evidence, it was not against the weight of the evidence, it did not erroneously declare the law, and did not erroneously apply the law, see *Murphy v. Carron, supra.* The evidence supports a finding that the grantor herein freely executed the deed in question.

For the foregoing reasons, the judgment is in all respects affirmed.