Evelyn M. THURMON,
Plaintiff/Appellant,

v.

Frederick Lee LUDY, Jr., Glenna Lois Ludy, and Edward J. Grewach, Defendants/Respondents.

No. 67259.

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 12, 1995.

Rehearing Denied Jan. 29, 1996.

tain or determine" the title, estate or interest of the disputed property; (2) she proved her father was mentally incompetent at the time he executed the deed; (3) her father executed and signed the deed by mistake; and (4) the evidence clearly and convincingly supports a judgment she is the beneficiary of a constructive trust created by the deed transaction. We affirm.

Daughter and her brother, Frederick Lee Ludy, Jr. (Son) are adopted children of Frederick A. Ludy (Father). Some years prior to 1988, Father wrote a will leaving real estate consisting of eleven acres of farmland and a house to his two children equally. June 1986, Son and his wife moved onto the property. They continued to live there until Father went into a nursing home December 1987. On October 16, 1988, a deed was prepared quit-claiming the property to Son and his wife as tenants by the entirety.[1] The deed was executed on November 4, 1988. Daughter did not learn of the quit-claim until December 1988.

The parties admit Father's last will, dated January 17, 1989, gave the entire estate to Son. Father died October 29, 1992. The will was admitted to probate March 11, 1993. It is the subject of an unresolved will contest.

Daughter sued for quiet title, rescission of the deed, or, imposition of a constructive trust. In an effort to prove mental incompetency, she testified Father could not read or understand the newspaper and he could not remember signing the deed itself. She offered hospital records showing Father's admission to Lincoln County Hospital on two occasions: on October 29, 1988, for chronic obstructive pulmonary disease, and on November 8, 1988, for acute and severe congestive heart failure. Father was treated and released in both cases. She also testified Father "constantly" asked her "[a]re you going to let [Son] and [his wife] live in this house after my death?"

The attorney who prepared the deed testified he prepared it in accordance with Father's intent. He indicated Father expressed concern many years before the execution of the deed that Daughter may prevent Son and his wife from continuing to live on the property.

---

Russell A. Willis, III, Creve Coeur, for Appellant.

Walter D. McQuie, Jr., Montgomery City, and Grewach & Grewach, Edward Joseph Grewach, Troy, for Respondents.

KAROHL, Judge.

Evelyn Marie Thurmon (Daughter) appeals an adverse judgment in an action to set aside her father's quit-claim deed to her brother, or, in the alternative, to impose a constructive trust. She argues four points on appeal: (1) the judgment does not "ascer-

1. Frederick Lee Ludy, Jr. and his wife are defen- dants in this case.

Both Son and his wife testified Father wanted to sell the house to them. Son added that Father instructed him to obtain a deed to include a provision that "[the house] was [Son's] and ... [his] wife's to behold as long as [they] lived." The trial court found in favor of Son and his wife.

We review a court-tried case in accordance with *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The credibility of witnesses and the weight given to testimony are matters for the trial court. *Fountain v. Schlanker*, 651 S.W.2d 594, 596 (Mo.App. 1983).

In her first point, Daughter contends the judgment for quiet title does not comply with the requirements of § 527.150.1 RSMo 1994 because it fails to describe with certainty the property adjudicated. Section 527.150.1 RSMo 1994 states in part:

1. *Any person claiming any title*, estate or interest in real property ... may institute an action against any person or persons having or claiming to have any title, estate or interest in such property.... (Our emphasis).

To prevail on a quiet title claim, claimant must show the strength of her own title. *Pitts v. Pitts*, 388 S.W.2d 337, 341 (Mo.1965). Generally, if claimant does not have title, she is not an aggrieved party. *Id.*

Here, Daughter's effort to quiet title is misplaced. She never had title to the property, either by record title or possession. She had no remainder interest in the property. She has no protected interest in the property even though she is the daughter of the property owner. Father's earlier will left the real estate to his children equally. However, if the 1989 will, executed after the deed, is valid then Daughter would not have any future interest in the real estate. At the time she filed suit she had no legal interest. Thus, Daughter lacks standing to state a cause of action to quite title.

In her second point, daughter challenges the trial court's finding "no credible evidence" existed that Father was mentally incompetent at the time the deed was executed. Daughter has no standing to set aside her father's deed.

Moreover, "[t]he cancellation of a deed is an extraordinary proceeding in equity and in order to justify such cancellation, the evidence in support thereof must be clear, cogent and convincing." *Queathem v. Queathem*, 712 S.W.2d 703, 706 (Mo.App. 1986) (*citing Wingate v. Griffin*, 610 S.W.2d 417, 419[6] (Mo.App.1980)). The burden is on the person seeking to set aside the deed to establish the grantor lacked mental capacity *at the time of the deed's execution.* *McCoy v. McCoy*, 360 Mo. 199, 227 S.W.2d 698, 703 (1950). Instances of illness, imperfect memory, forgetfulness, physical and intellectual weaknesses associated with old age, and mental confusion are generally not sufficient evidence to invalidate a deed. *Id.* 227 S.W.2d at 704.

Here, Daughter offered evidence to support a finding her father was forgetful and deteriorating mentally. Her evidence, at best, only suggested he was physically disabled. It did not focus on Father's mental capacity *at the time the deed was executed.* Son and his wife admit that Father was declared incapacitated and disabled May 15, 1989. However, this occurred six months after the deed was prepared and signed. The evidence he was capable of executing the deed supported the judgment.

In her third point, Daughter contends Father executed and signed the deed by mistake. This cause of action also lacks standing. She did not plead facts to support a theory of mistake, nor was the issue tried. A plaintiff is bound by the theory submitted to the trial court. *Schneider v. Forsythe Group, Inc.*, 782 S.W.2d 139, 146 (Mo.App. 1989). Thus, we will not address this issue on the merits.

In her final point, Daughter argues the evidence clearly and convincingly supports the imposition of a constructive trust. In order to impose a constructive trust, an extraordinary degree of proof is required. *Kempen v. Long*, 892 S.W.2d 727, 729 (Mo.App.E.D.1994). The evidence must be clear, cogent, and convincing as to exclude every reasonable doubt in the mind of the trial court. *Id.* Moreover, the evidence must clearly and convincingly show fraud, undue influence, mental incapacity or mis-

take was present at the time of the execution of the deed. *See Kempen,* 892 S.W.2d at 729; *In re Estate of Murray,* 865 S.W.2d 694, 696 (Mo.App.W.D.1993).

 Daughter has standing to assert this claim. But, she neither pleaded nor presented facts to show fraud or mistake. She alleged undue influence, but, this theory was abandoned at trial due to insufficient evidence. We have previously found there was insufficient evidence to show Father was mentally incompetent at the time the deed was executed. Rather, the evidence supports a finding Father wanted his son and daughter-in-law to have the property. First, he voiced that decision. Second, Father quitclaimed the property to Son and his wife. Third, his last will left the entire estate to Son. As a matter of fact, the trial court did not err in refusing to impose a constructive trust.

We affirm.

CRANE, C.J., and CRANDALL, J., concur.