Patrick HAMILL, III, Appellant,

v.

Patrick HAMILL, IV, Lisa Robinson and St. Louis Auto & Truck Repair, Inc., Respondents.

No. 72979.

Missouri Court of Appeals, Eastern District, Division Four.

July 14, 1998.

Thomas A. Connelly, St. Louis, for appellant.

Tracy Hunsaker Gilroy, St. Louis, for respondents.

ROBERT G. DOWD, Jr., Presiding Judge.

Patrick Hamill, III, (Father) appeals from judgment entered in this court-tried action for corporate dissolution, resulting trust, and writ of mandamus. Father contends the court erred in: (1) ordering him to execute a lease to St. Louis Auto & Truck Repair, Inc.(SLAT), as a condition precedent to transfer of title to the real property at 1422 Delmar (Delmar) because such an order was beyond the pleadings; (2) declaring Father owns 25 shares and Patrick Hamill, IV, and Lisa Robinson (Children)[1] own 37 & 1/2 shares each of SLAT stock pursuant to stock certificates in light of representations made in SBA loan documents; and (3) finding Children did not act illegally nor oppressively against Father in that they have locked him out of corporate premises, denied him access to the corporate books, records, minutes, and failed to provide notice of board of directors meeting. We affirm in part and remand for further evidence pertaining to terms of the lease and judgment thereon.

Our review of this court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares

---

1. We use the familial terms, Father and Children, in the interest of clarity. We intend no disrespect to the parties.

the law, or unless it erroneously applies the law." *Id.* Where there is conflicting evidence, we disregard all evidence and inferences not favorable to the judgment. *21 West, Inc. v. Meadowgreen Trails, Inc.,* 913 S.W.2d 858 (Mo.App.E.D.1995).

Rule 84.04(d) requires, in pertinent part:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. . . .

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

In his first point on appeal, Father contends the court erred in ordering him to execute a lease to SLAT as a condition precedent to transfer of title to the Delmar property because the court's order was without substantial evidence to support it, was against the weight of the evidence, and erroneously applied the law because the order was beyond the scope of the pleadings. Father fails to state wherein and why there was no substantial evidence to support the judgment or why it was against the weight of the evidence. Therefore, pursuant to Rule 84.04, he has failed to present the issues of substantial evidence and weight of the evidence for appeal. Thus, we turn to his contention that the judgment was beyond the scope of the pleadings.

■■■ In an equitable action, the court has the inherent power to adjust equity between the parties. *Osterberger v. Hites Const. Co.,* 599 S.W.2d 221, 229 (Mo.App. E.D.1980). The rules of pleading do not apply with the same stringency to causes in equity. *Id.* Equity may shape the remedy to meet the demands of justice without rigid adherence to any determined form compatible with fairness. *Id.*

In Father's First Amended Petition he prayed for reconveyance of the Delmar property to him. Children answered with affirmative defenses but did not mention execution of a lease. Nevertheless, in its judgment, the court conditioned conveyance of the property upon performance of a lease of said property between SLAT and Father, specifying certain terms of lease. Although Father contends the court erred by going beyond the pleadings, in his brief he does concede "the parties have made extensive efforts to resolve the terms of a lease without success . . . the terms of the lease need to be resolved." In their brief, Children also concede that the court may have seen the parties' difficulty in negotiating a lease, and "the Court had the power, sitting in equity, to attempt to dictate the terms of the lease so that the ordered title transfer could be effectuated." Children further ask the court to either affirm or to remand "for a full determination of the SBA requirements" pertaining to the transfer of the Delmar property.

■■ Thus, in the briefs both parties expressed the need for the court's assistance in arriving at the full terms of the lease. Moreover, sitting in equity, the court was not confined to the pleadings but had the power to order an equitable remedy. Thus, under the circumstances of this case, we find no error in the court's addressing the issue of a lease. Point One is affirmed in part and remanded in part. The court's judgment in regard to the conveyance of the property and performance of the lease is affirmed. We remand for admission of further evidence and judgment pertaining to the specific terms of the lease heretofore not addressed.

■■ In his second point on appeal, Father contends the court erred in declaring Father owned 25 shares and children owned 37 & 1/2 shares each of SLAT stock pursuant to stock certificates, in light of representations made in SBA loan documents. Father cites no legal authority to support his assertion that the court should rely on statements in a loan document to determine ownership of stock rather than on actual stock certificates entered into evidence. Father's argument is without merit. Point Two is denied.

In his third point on appeal, Father contends the court erred in finding children did not act illegally nor oppressively against Father in that they have locked Father out of corporate premises, denied him access to the

corporate books, records, minutes, and failed to provide notice of board of directors meetings.

Father's third point on appeal is confusing in that he pled his children acted oppressively and illegally against him to support his pleading in both Counts I and III. Yet, on appeal he fails to connect the alleged behavior to either remedy requested in Counts I or II. Thus, this court is left without a clear statement of his reason for Point Three.

With respect to Count I, Father pled Children oppressed him as the minority shareholder and thus the corporation should be sold at public auction or dissolved pursuant to Section 351.502, RSMo 1994. Primarily, he complained Children denied him access to corporate books and records. With respect to Count III, Father pled Children oppressed him by denying him access to corporate books and records, and requested a writ of mandamus to compel Children to produce the complete books and records.

The court found for Father on Count III. It ordered Children to "make available ... all books and records of account of said corporation (including all shareholder lists, records of share transfers, corporate minute books, balance sheets, profit and loss statements, general ledgers, income tax returns, check registers, bank statements, and financial statements ... )" and ordered each child to pay $250 to Father for their violation of Section 351.215 RSMo 1994. Obviously, the court did indeed recognize oppression and sought to remedy it in Count III. Thus, we find Father's contention the court erred by failing to find oppression because Children denied him access to corporate books, records, and minutes to be contrary to the court's order and completely without grounds.

Finally, we address Father's additional contentions that Children locked him out of the premises and failed to provide notice of board of directors meetings. The court found Father "was not a credible witness at trial, and the Court's acceptance of his testimony has been dependent on corroboration." The court further found "[t]here is no credi-

ble evidence that the defendants are acting illegally, oppressively or fraudulently—other than the refusal to permit access to corporate books."

The credibility of witnesses and the weight given to testimony are matters for the trial court. *Thurmon v. Ludy,* 914 S.W.2d 32, 33 (Mo.App. E.D.1995). We defer to the trial court's determination as to credibility of witnesses. *Bullard v. Bullard,* 929 S.W.2d 942, 944 (Mo.App. E.D.1996). Here, the trial court found Father's testimony was not credible. Moreover, the court found no credible evidence regarding oppressive actions against Father except refusal to grant access to corporate books. We defer to the trial court's determination of credibility. We find no court error. Point Three is denied.

Judgment of the trial court is affirmed but remanded for admission of further evidence and judgment pertaining to the specific terms of the lease heretofore not addressed.

SIMON and HOFF, JJ., concur.