**Berenyce BATH, Appellant,**

**v.**

**Sandra S. BATH, individually and as trustee of the Sandra S. Bath Revocable Trust, Respondents.**

**No. 28160.**

Missouri Court of Appeals,
Southern District,
Division One.

June 20, 2007.

Petition for Rehearing or Reconsideration and Transfer Denied July 6, 2007.

Randy Anglen, Randall S. Anglen, P.C., Branson, for Appellant.

Darlene Parrigon and Donald L. Cupps, Ellis, Cupps and Cole, P.C., Cassville, for Respondents.

DANIEL E. SCOTT, Judge.

Bernyce Bath (plaintiff) appeals a summary judgment in favor of her daughter-in-law (defendant)[1] in a quiet title action. We affirm. Plaintiff has neither legal nor equitable title to the subject property. Thus, she lacks standing to successfully maintain a quiet title suit.

Our review essentially is *de novo,* using the same criteria that trial courts should employ to determine summary judgment motions initially. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

Although defendant disputes some of these facts, we consider them true for purposes of review. *Id.* Plaintiff's son Cheney Bath was defendant's late husband. He and plaintiff orally agreed in May 1994 that he would buy plaintiff a house, let her repay him $750 per month, and give her title when he was fully repaid. Plaintiff sent Cheney Bath $750 per month until he died in 1996, and she paid defendant thereafter. Plaintiff filed her quiet title suit in June 2004, claiming she had fully paid (actually overpaid) for the house and it should be titled in her name.

---

1. Plaintiff sued defendant individually and as trustee of defendant's revocable trust that owns the subject real estate.

Prior to May 27, 1994, the house in question was owned by strangers to this litigation. It was acquired that day by Castech Software Systems, Inc. ("Castech"), a corporation owned by defendant and Cheney Bath. After Cheney Bath died, Castech was dissolved. As part of that corporate dissolution, the house was conveyed to defendant in February 1997, and she has owned it since.

Plaintiff's oral agreement and discussions were solely with Cheney Bath. There were no witnesses. Defendant was never involved. Plaintiff had no agreement with defendant personally, as trustee, or in defendant's former capacity as Castech's president. Castech's board of directors never authorized Cheney Bath to enter an agreement with plaintiff. Cheney Bath never had legal or equitable title to the house.

The trial court based its summary judgment on statutes of limitation, but its analysis started with plaintiff's lack of title. This goes fundamentally to standing, since a quiet title plaintiff must have some legal or equitable title to the subject property. *See Thurmon v. Ludy,* 914 S.W.2d 32, 34 (Mo.App.1995). Plaintiff admits she has no legal title. She argues her suit is based on equitable title, but her petition neither alleges this status nor facts to support it. Plaintiff had no contract or agreement with defendant or anyone in the chain of title. Her only agreement was an oral one with Cheney Bath, who never had title.

Equitable conversion, for this purpose, means a seller is deemed to retain and hold the property's bare legal title "in trust" for the buyer, while the buyer becomes the trustee of the purchase money for the seller. Robert L. Flores, *A Comparison of the Rules and Rationales for Allocating Risks Arising in Realty Sales Using Executory Sale Contracts and Es-* *crows,* 59 Mo. L.Rev. 307, 308–09 (1994). Subject to exceptions, a real estate contract thus converts the vendor's interest into personalty and the vendee's interest into realty. 18 CJS, *Conversion* § 9 (2007).

Consequently and fundamentally, plaintiff needed a contract with a property owner to claim equitable title via equitable conversion. Her only agreement was with Cheney Bath, who had no title. Plaintiff could not acquire and cannot claim title through dealings with a non-owner.

To quiet one's title, one needs title to quiet. Plaintiff has none, legal or equitable, on this record. Thus, she lacks standing. *Thurmon,* 914 S.W.2d at 34. We affirm the judgment.

RAHMEYER, P.J., and PARRISH, J., concur.