**Kenneth E. KNIPMEYER,
Plaintiff-Appellant,**

v.

**Arnold SPIRTAS and Sandra T. Spirtas,
d/b/a Spirtas Wrecking Company, City
of University City, and Alvin Goldman,
Defendants-Respondents.**

**No. 53168.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 15, 1988.

Application to Transfer Denied
June 14, 1988.

Anthony Anderson, Clayton, for plaintiff-appellant.

Dennis S. Kay, University City, for defendants-respondents.

DOWD, Judge.

Plaintiff appeals following the order of the trial court dismissing plaintiff's first amended petition for wrongful destruction of a building and denying plaintiff's motion to set aside the order of dismissal and motion to file a second amended petition. We affirm.

Plaintiff originally filed his cause of action seeking actual and punitive damages for wrongful destruction of a building on December 21, 1984. In his first amended petition plaintiff pleaded that defendants, the City of University City, Alvin Goldman the Building Commissioner for University City, and Arnold and Sandra Spirtas, doing business as Spirtas Wrecking Company, wrongfully demolished plaintiff's apartment building. Plaintiff alleged that Spirtas Wrecking Company, acting as the City of University City's wrecking contractor, commenced demolition of the building during August 1979. The building was razed but the contract for demolition was never completed as a construction fence in front of the building was left standing.

The court sustained defendants' motions to dismiss plaintiff's first amended petition on grounds plaintiff filed his suit more than five years after his claim arose and thus his claim is barred by the Statute of Limitations § 516.120, RSMo 1986. Plaintiff appeals.

In reviewing a judgment of dismissal all facts alleged in the petition are treated as true and the pleadings are allowed their broadest intendment. *Lipton Realty v. St. Louis Housing Authority*, 705 S.W.2d 565, 568 (Mo.App.1986). Our Supreme Court has recognized, however, that summary dispositions are often appropriate in statute of limitations cases "because the underlying facts are relatively easy to develop." *Dixon v. Shafton*, 649 S.W.2d 435, 440 (Mo. banc 1983).

Plaintiff did not plead sufficient facts to overcome the bar imposed by the five year statute of limitations. § 516.120, RSMo 1986. Plaintiff pleaded the demolition took place in August 1979 but he did not file suit until December 21, 1984, more than five years later.

In his first point plaintiff contends the court erroneously sustained defendants' motions to dismiss in that litigation brought by defendant University City against plaintiff tolled the statute of limitations and further that the statute of limitations never began to run because the demolition contract was never completed.

■ According to plaintiff, the statute of limitations has not begun to run because all damages are not yet capable of ascertainment in that a construction fence located on the subject property remains standing and thus the demolition contract was never completed. It is defendants' position that the demolition order did not include removal of the fence. Nonetheless, even assuming the fence was part of the demolition contract, the statute of limitations has run and expired.

"The statute of limitations begins to run once the fact of damage is capable of ascertainment, even though the amount of damage is not yet ascertainable." *Zero Manufacturing Co. v. Husch*, 743 S.W.2d 439 (E.D.Mo.1987); *see also, Dixon, supra*, at 438. The fact of damage was capable of ascertainment upon demolition of the apartment building, regardless of whether the fence was included in the demolition order. Plaintiff's contention is without merit.

■ Plaintiff further contends the statute of limitations was tolled by legal proceedings brought against plaintiff by the City of University City regarding condemnation of the construction fence.

"Statutes of limitations are favored in the law, and cannot be avoided unless the party seeking to do so brings himself within some exception." *Neal v. Laclede Gas Co.*, 517 S.W.2d 716, 719 (Mo.App.1974). A litigation exception is recognized in Missouri that tolls the statute of limitations where a person is *prevented* from exercising his legal remedy by the pendency of legal proceedings. *Follmer's Market v. Comprehensive Accounting Service Co.*, 608 S.W.2d 457, 460 (Mo.App.1980). This exception, however, is not applicable here

as plaintiff was not prevented from bringing his wrongful demolition of a building action by the proceedings brought by the City of University City regarding condemnation of the fence. The federal case relied on by plaintiff, *Goodfriend v. Kansas City Star Co.*, 158 F.Supp. 531 (W.D.Mo.1958), is inapposite as it involved a federal statutory provision that suspends the statute of limitations as to private actions under antitrust laws where a proceeding has been instituted against the same defendant by the United States Government.

In his reply brief, plaintiff further contends that the statute of limitations did not begin to run until the termination of certain federal litigation initiated by plaintiff. We do not find plaintiff's contention to have merit and in any event, "[a]ssignments of error set forth for the first time in the reply brief do not present issues for appellate review." *Application of Gilbert*, 563 S.W.2d 768, 771 (Mo. banc 1978). Plaintiff's first point is denied.

█ In his final point, plaintiff contends the court abused its discretion when it failed to allow plaintiff leave to amend his petition. "The denial of leave to amend is within the sound discretion of the circuit court and that decision will not be disturbed unless there is a showing that the court palpably and obviously abused its discretion." *Baker v. City of Kansas City*, 671 S.W.2d 325, 329 (Mo.App.1984).

We find no such abuse of discretion. Plaintiff had already been granted leave to file a first amended petition. Moreover, plaintiff failed to show that he could have pleaded any additional facts to circumvent the statute of limitations. Thus any amended pleading, even if it related back to the date of the original pleading, would be time barred. Plaintiff's second point is denied.

Judgment affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.