David HARTING, et al.,
Plaintiffs–Appellants,

v.

CITY OF BLACK JACK,
Defendant–Respondent.

No. 54429.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 28, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 2, 1989.

Jay R. Burns, Jr., Ferguson, for plaintiffs-appellants.

Sheldon K. Stock, John M. Horas, St. Louis, for defendant-respondent.

SIMON, Judge.

David Harting and his father, Irvin Harting, appellants, appeal from the granting of a motion for summary judgment in favor of the City of Black Jack (City), respondent. Appellants brought an action against the City to recover the value of property demolished pursuant to the City's finding that the property was a "dangerous building" in violation of Ordinance 130.

On appeal, appellants contend that the trial court erred in: (1) finding that the City had not waived its affirmative defenses of failure to exhaust administrative remedies and failure to bring the cause within the statute of limitations; (2) applying the five year statute of limitations where the ten year statute of limitations was applicable; (3) determining that the statute of limitations began to run on October 5, 1975, when damages were not capable of ascertainment on that date; (4) determining that appellants had not commenced an action against City of Black Jack until October 17, 1980; and (5) determining that appellants failed to seek administrative re-

view of the City Council's decision that property was in violation of Ordinance 130.

The entry of summary judgment is a drastic remedy. Therefore, summary judgment is proper only when the court determines from the pleadings, depositions, and affidavits in the record that there are no material issues of fact and that the movant is entitled to judgment as a matter of law. *Seliga Shoe Stores v. City of Maplewood*, 558 S.W.2d 328, 331[1–3] (Mo.App.1977). On appeal, we review the record in the light most favorable to the party against whom the judgment is rendered; here, the appellants. *Id.*

On October 15, 1974, David Harting purchased property known as Lot 338 of Whitney Chase Plat 3 within the City of Black Jack with a postal address of 5197 Abington Road (hereinafter referred to as "property"). On the property there was a single family residence (hereinafter referred to as "building") which was in a damaged condition due to a soil slide on the property.

In November, 1974, Larry Harting, president of Harting Realty Company, received written notice that the building was considered a "dangerous building" in violation of City's Ordinance 130. A copy of Ordinance 130 was enclosed with the notice. The record before us does not reveal Larry Harting's relation to David or Irvin Harting. On February 6, 1975, Joe Schulte, Director of Public Works for the City, sent another written notice to Larry Harting at Harting Realty concerning the violation of Ordinance 130. On April 3, 1975, a similar notice was sent to "Mr. Harting" at Harting Realty.

Again on April 14, 1975, notice was sent to "Mr. Harting" at Harting Realty. However, this notice also gave information of a formal hearing on May 7, 1975, the purpose of which was to "to show cause why the building or structure at 5197 Abington Road reported to be a dangerous building should not be repaired or demolished" in accordance with Ordinance 130. Irvin and Larry Harting appeared at the hearing and stated their presence was on behalf of the owner, David Harting. Both testified that they were desirous of repairing the build-

ing but disputed the seriousness of the damage to the building. Other evidence presented at the hearing included expert testimony of a civil engineer specializing in soils and evidence that the owner, although requested to present plans to repair the building, had not done so.

Shortly after the hearing, the City Council set forth findings of facts and concluded the building was in violation of Ordinance 130. On June 23, 1975, David Harting was sent written notice by certified mail of the findings and conclusions and was ordered to repair or demolish the building within 30 days of the notice. The order also provided for the City to demolish the building if either repair or demolition was not completed within the time limits.

On July 24, 1975, David Harting was granted a 20 day extension of time to comply with Ordinance 130 and obtain approval of plans for repair of the building. On August 13, 1975, David Harting submitted plans for repair, however, on September 12, 1975, David Harting was notified by letter, personally hand-delivered by Joe Schulte, of rejection of plans for repair. The letter set forth several reasons for rejection, including failure to comply with the City's building code. This letter informed David Harting that demolition of the building would commence on September 21, 1975. Demolition began on September 25, 1975 and was completed on October 5, 1975, except for the seeding of the ground.

On October 6, 1980, Harting Realty filed a petition against the City alleging wrongful taking and demolition of the building. On October 17, 1980, David and Irvin Harting filed a first amended petition substituting themselves as plaintiffs in place of Harting Realty. On May 11, 1981, City filed its answer to appellants' first amended petition. City alleged as its affirmative defenses: (1) the cause is barred by the statute of limitations; (2) plaintiffs named in the cause are not the real parties in interest; (3) plaintiffs failed to exhaust their administrative remedies; and, (4) plaintiffs failed to appeal any ruling of City; thus, the trial court is without jurisdiction. On May 30, 1984, appellants dis-

missed their first amended petition without prejudice.

On May 28, 1985, appellants reinstated their lawsuit against the City again alleging wrongful taking and demolition of the building. On January 14, 1986, City filed its answer stating that "plaintiffs' cause of action is barred by the statute of limitations as set forth in § 516.130(1) RSMo." However, the City was granted leave to file a first amended answer. In its first amended answer, filed on September 2, 1987, the City raised the following affirmative defenses: (1) plaintiffs' cause of action is barred by the statute of limitations as set forth in § 516.130(1) RSMo; (2) plaintiffs' claim for punitive damages is barred; (3) plaintiffs' cause of action is barred by the statute of limitations as set forth in § 516.120 RSMo; (4) plaintiffs' cause of action is barred by the statute of limitations as set forth in § 516.230 RSMo; (5) the trial court lacks subject matter jurisdiction due to plaintiffs' failure to exhaust their administrative remedies; and, (6) plaintiffs are estopped from denying proper notice to the City Council's meeting by appearing and submitting evidence.

On December 6, 1987, the City filed a motion for summary judgment on the grounds that: (1) plaintiffs' claims are barred by the five year statute of limitations, § 516.120 RSMo; and, (2) plaintiffs' petition is barred due to plaintiffs' failure to appeal the City's order within thirty days. In support of its motion, City filed the affidavit of Joe Schulte, Director of Public Works for the City. His affidavit set forth the following: (1) the procedures taken by the City in notifying the Hartings of the building's apparent violation of Ordinance 130; (2) his consultation with two engineers about the submitted plans for repair of the building; (3) his reasons for rejection of the plans for repair of the building; and, (3) that he had personally hand-delivered notification to David Harting of the reasons for rejection of the plans for repair and notification of the commencement date of demolition of the building pursuant to Ordinance 130. The affidavit of Irvin Harting was submitted by appellants in opposition to City's motion for summary judgment. This affidavit set forth the Hartings' continued cooperation and compliance with the City in matters concerning the building, their attendance at administrative functions concerning the building, and their timely submission of plans for repair of the building.

In its order, the trial court did not set forth the specific grounds on which it sustained the summary judgment motion. However, our review of a summary judgment is equivalent to a review of a court-tried proceeding and if, as a matter of law, the judgment is sustainable on any theory, it must be affirmed. *City of Wright City v. Cencom of Eastern Missouri,* 699 S.W.2d 41, 42[1] (Mo.App.1985).

 Resolution of appellants' second, third and fourth points are dispositive of this appeal. Initially, appellants contend that the trial court erred in applying the five year statute of limitations set forth in § 516.120 RSMo 1978 instead of the ten year statute of limitations, § 516.010 RSMo 1978, actions for recovery of lands.

Section 516.120 RSMo 1978 sets forth the following:

516.120. What actions within five years
Within five years:

(1) All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;

(2) An action upon a liability created by a statute other than a penalty or forfeiture;

(3) An action for trespass on real estate;

(4) An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated;

(5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at

any time within ten years, of the facts constituting the fraud.

In a similar factual situation, *Knipmeyer v. Spirtas,* 750 S.W.2d 489 (Mo.App.1988), our court recently upheld the application of § 516.120 RSMo 1986 barring plaintiff—property owner's claim. Section 516.120 RSMo 1986 is identical to § 516.120 RSMo 1978 which is the applicable statute in the present case. In *Knipmeyer,* property owner brought an action against the City of University City for alleged wrongful demolition of an apartment building. There, the trial court granted University City's motion to dismiss on the grounds that plaintiff filed his suit more than five years after the claim arose. Our court, applying § 516.120 RSMo 1986, upheld the motion stating that plaintiff did not plead sufficient facts to overcome the bar imposed by the five year statute of limitations. *Id.* at 490.

■ Here, Harting Realty commenced action against City of Black Jack on October 6, 1980. However, Harting Realty is not the legal owner of 5197 Abington Road and thus not the proper party in interest. David Harting, record owner of 5197 Abington Road, filed a first amended petition on October 17, 1980, substituting himself and Irvin Harting as plaintiffs. An amendment relates back to the original petition to save the action from the statute of limitations only when the original plaintiff had the legal right to sue and stated a cause of action at the time suit was filed. *Don Roth Development Co., Inc. v. Missouri Highway and Transportation Commission,* 668 S.W.2d 177, 179[3] (Mo.App.1984). Harting Realty did not have a legal right to bring an action against the City for alleged wrongful demolition to the property. Thus, the statute of limitations continued to run until a proper party was substituted. David Harting, the proper party in interest, was not named as plaintiff until October 17, 1980.

Demolition of the building at 5197 Abington Road began on September 25, 1975, and was completed by October 5, 1975. The statute of limitations begins to run once the fact of damage is capable of ascertain-ment, even though the amount of damage is not yet ascertainable. *Knipmeyer,* 750 S.W.2d at 490[1]. Clearly, damages were capable of ascertation upon completion of the demolition on October 5, 1975, where appellants had prior notice of the commencement date of the demolition. Appellants did not commence their action until October 17, 1980.

Summary dispositions are often appropriate in statute of limitations cases because the underlying facts are relatively easy to develop. *Id* at 490. Here, the facts clearly indicate that appellants' claim is barred by § 516.120 RSMo 1978.

■ We will not address appellants' other contentions. Respondent has motioned for an award of damages under Rule 84.19 on the grounds that this appeal is frivolous. Absent a finding of bad faith on the part of appellants, the penalty under Rule 84.19 will not be imposed. *Wissman v. German Evangelical St. Marcus Congregation of St. Louis,* 612 S.W.2d 138, 141[4] (Mo.App. 1980).

Judgment affirmed.

DOWD, P.J., and HAMILTON, J., concur.