ST. LOUIS COUNTY, Respondent,

v.

Malcolm CORSE, Appellant.

No. 67582.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1995.

John A. Ross, St. Louis County Counselor, Donna S. Morrison, Asst. County Counselor, Clayton, for Appellant.

Earle Leadlove, St. Louis, for Respondent.

KAROHL, Judge.

Malcolm Corse appeals after he was sentenced for violating several St. Louis County zoning ordinances. He contends the trial court erred in: (1) denying his motion to dismiss because a six month statute of limitations expired before he was charged; and (2) imposing a fine, imprisonment and conditions of probation. We affirm.

Corse was charged with violating § 1003.000 et seq. (1994) of the St. Louis County Code, for: (1) storing construction or business equipment and operating several illegal businesses in a non-urban district; (2) parking semi-trailers in a non-urban area; (3) keeping more than one unlicensed vehicle on the property; and, (4) using grassy and graveled areas for off-street parking.[1] St. Louis County alleged the ordinance violations

occurred on or about September 16, 1992. Informations were issued on May 12, 1993. The trial court found Corse guilty of the four violations. It imposed a $300 fine and jail time. It suspended the execution of the jail sentence and granted probation for a period of one year. As a condition of probation, Corse was ordered to abate the violations by a fixed date.

Corse contends the trial court erred in denying his motion to dismiss because the charges were barred by the statute of limitations. Corse argues ordinance violations are infractions and have a time limitation of six months under § 556.036 RSMo1994.[2]

■ An offense is an infraction if a statute so designates, or "if no other sentence than a fine, or fine and forfeiture or other civil penalty is authorized upon conviction." Section 556.021.1. The time limitation for charging an infraction is six months. Section 556.036.2(3).

■ Generally, misdemeanor procedure applies to the prosecution of county ordinance violations pursuant to § 66.010.1 read with § 66.140.[3] The statute of limitations for a misdemeanor is one year. Section 556.036.2(2). The time limitation for prosecution is determined when the information is filed. *State v. Thompson,* 810 S.W.2d 85 (Mo.App.1991).

■ Corse was charged with violating several zoning ordinances of the St. Louis County Code, § 1003.000 et seq. (1994). The penalty section of this code states in pertinent part:

1. Any person ... violating any provision of the Zoning Ordinance ... may be prosecuted as provided by law for the violation of ordinances of St. Louis County and upon conviction *shall be punished by a fine not exceeding five hundred dollars ($500.00) for any one (1) offense or imprisonment in the County Jail for not more*

---

1. There were two additional charges. The trial court dismissed one and found Corse not guilty of the other. Neither party referred to these violations on appeal.

2. All references to statutes are to the RSMo1994, unless otherwise indicated.

3. Section 556.040 cited in § 66.140 was repealed. The appropriate substitute should be § 556.016 RSMo1994.

*than six (6) months, or both such fine and imprisonment.* (Our emphasis).

Similar to a misdemeanor, this penalty section imposes punishment by either a fine or jail time. Defendant's argument that ordinance violations should have the statute of limitations of an infraction fails. Infractions are not punishable by jail time. We hold the limitation for filing a charge for an ordinance violation, punishable by fine and jail time, is one year. The informations issued on May 12, 1993 for offenses that occurred on or about September 16, 1992 were within the period of limitations.

Corse next argues the trial court erred in imposing a fine, imprisonment, one year probation, and an order to abate the ordinance violations by October 4, 1994. Under § 557.011.2(1)–(5), the trial court has discretion to impose a fine; sentence a person to a term of imprisonment; suspend the imposition of a sentence, with or without placing the person on probation; pronounce a sentence, then suspend its execution, placing the person on probation; and, impose conditions of probation. The trial court also has discretion to grant probation. Section 559.021; *State v. Welsh,* 853 S.W.2d 466, 469 (Mo.App.S.D.1993). The trial court was authorized to order Corse to abate the violations by a certain date, as a condition of probation. Corse was free to accept either the punishment or probation on the terms offered. We find no abuse of discretion in the sentencing.

We affirm.

REINHARD, P.J., and CRANDALL, J., concur.