CITY OF CHESTERFIELD, Appellant,

v.

**DESHETLER HOMES,
INC., Respondent.**

No. 70537.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 18, 1997.

3. Defendant's motion to dismiss the appeal is    overruled.

Douglas R. Beach, Robert M. Heggie, St. Louis, for appellant.

Douglas S. Dove, St. Louis, for respondent.

DOWD, Presiding Judge.

The City of Chesterfield (City) appeals from the trial court's order dismissing its complaint against DeShetler Homes, Inc. (Developer). City alleges the trial court erred by failing to treat all the facts in the information as true. We reverse and remand.

## I. Background

On March 15, 1986, the St. Louis County Council issued Ordinance 12,528 authorizing Developer to construct and develop a subdivision within City's limits. One condition set out in the ordinance required Developer to protect against siltation of retention areas in adjoining subdivisions. 12,528 4(b). The ordinance also required Developer to post a bond, before grading began, to assure maintenance of the adjoining property. 12,528 4(c).

On August 29, 1995, City filed a Municipal Ordinance Violation Notice, alleging that Developer was in violation of 12,528 4(b) and (c) from January 7, 1992, to the present. The information filed by City included the following allegation:

... DEFENDANT WILLINGLY AND UNLAWFULLY:

FAILED TO PROVIDE ADEQUATE SILTATION CONTROL DEVICES DURING CONSTRUCTION OF THE WILSON MANOR RESIDENTIAL DEVELOPMENT AND FAILED TO MAINTAIN SILTATION DETENTION AREAS SUCH THAT LAKE 1 AND LAKE 2 OF THE CHESTERFIELD LAKES SUBDIVISION HAVE BECOME SILTED. ALL IN VIOLATION OF THE PROVISIONS OF ST. LOUIS COUNTY ORDINANCE NO. 12,538 (sic) SECTION 4(B) AND (C). DESHETLER HOMES, INC. HAS FURTHER VIOLATED SAID ORDINANCE BY FAILING TO REMOVE ALL SILT WHICH HAS BEEN DEPOSITED IN SAID LAKES DURING CONSTRUCTION (sic) OF WILSON MANOR AS REQUESTED.

City's information was in writing, signed by the prosecutor, and filed in the Municipal Court of Chesterfield. The notice named Developer as the defendant, alleged that the violation took place from "JANUARY 7, 1992 THRU PRESENT," and again noted that Section 12,528 4(b) and (c) had been violated.

On February 23, 1996, Developer filed a Motion to Dismiss. On April 1, 1996, the trial court issued an order granting Developer's Motion to Dismiss. This appeal follows.

## II. Jurisdiction

The trial court's hand-written order dismissing the case merely reads, "Defendant's Motion to Dismiss granted. All other motions under submission denied as moot." We note that under Rule 67.03, an involuntary dismissal is without prejudice unless the court specifically notes otherwise in the order. But, an appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum. *Skaggs v. Skaggs*, 938 S.W.2d 302, 302–03 (Mo.App.E.D.1997). The dismissal here has the practical effect of terminating the litigation. Therefore, jurisdiction lies in this court.

## III. Motion to Dismiss/Summary Judgment

Next, we must determine whether the trial court's order constitutes a dismissal or a summary judgment. Apparently, along with its motion to dismiss, Developer presented to the court several documents outside the pleadings. These documents included a copy of Ordinance 12,528, a copy of an Irrevocable Standby Letter of Credit, and a copy of a January 7, 1992, letter from City notifying Developer it was in violation of the ordinance.

Developer points out that under Rule 55.27, when information outside the pleadings are presented to and not excluded by the court, a motion to dismiss is to be treated as one for summary judgment. Citing *King Gen. Contr., Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 499 (Mo.banc 1991). But, before a trial court may treat a motion to dismiss as one for summary judgment, when matters outside the pleadings are presented and not excluded, it must first notify the parties that it is going to do so, and give the parties an opportunity to present all materials pertinent to a motion for summary judgment. Rule 55.27(a); *Gardner v. City of Cape Girardeau*, 880 S.W.2d 652, 654 (Mo.App. E.D.1994). This requirement assures that both parties are given an opportunity to present all materials pertinent to a summary judgment. *See State ex rel. Hwy. Com'm. v. London*, 824 S.W.2d 55, 59 (Mo.App. E.D.1991). Here, there is no evidence that the court notified the parties that it intended to review the pleadings and the documents as a summary judgment. Therefore, we review the case before us as an order granting Developer's Motion to Dismiss on the pleadings.

## IV. Sufficiency of the Information

We now turn to City's sole point. It alleges the trial court erred in granting Developer's Motion to Dismiss because it failed to treat all the facts in the information as true, as the information alleged all of the proper elements for a violation of Ordinance 12,528.

When reviewing the dismissal of a cause of action, we examine the pleadings, allowing the broadest intendment, treating all alleged facts as true, and construing the allegations in favor of the pleader, to determine whether they invoke principles of substantive law. *Buchanan v. Rentenbach Constructors, Inc.*, 922 S.W.2d 467, 468 (Mo.App. E.D.1996). When the trial court does not specify its reasons for dismissing a petition, we presume the court acted for one of the reasons stated in the motion to dismiss. *W.B. v. M.G.R.*, 905 S.W.2d 134, 136 (Mo. App. E.D.1995). In addition, we will affirm the order of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground. *Id.*

Under Rule 37.35, in order for an information to be sufficient, it must be in writing, signed by the prosecutor, and filed in the court with jurisdiction over the ordinance violation. Rule 37.35(a). Further, the information itself must (1) state the name of the defendant; (2) plainly, concisely, and definitely state the essential facts constituting a violation; (3) state the time and place of the violation; (4) cite the chapter and section of the ordinance allegedly violated; and (5) state the name of the prosecuting county. Rule 37.35(b). An information charging a violation of a city ordinance must allege spe-

cific facts amounting to a violation. *City of Joplin v. Graham,* 679 S.W.2d 897, 899 (Mo. App. S.D.1984). This type of information, however, is not held to the same rule of strictness as charges presented in a criminal case. *City of Clinton v. Kammerich,* 642 S.W.2d 353 (Mo.App. W.D.1982).

A review of the information shows that all of the procedural requirements of Rule 37.35 have been met. In addition, the information specifically alleges that Developer failed to provide adequate siltation control devices during construction and failed to maintain the siltation areas named in the ordinance. Therefore, by treating all alleged facts as true, we find that City's information satisfies the requirements under Rule 37.35.

We now turn to Developer's Motion to Dismiss. This motion alleged three different theories for dismissal: (A) That violation of a municipal zoning ordinance is a misdemeanor, and subject to a one-year statute of limitations from the last date of ownership of the property in question, February 2, 1990; (B) that Developer had no ownership interest at the time of the violation, and therefore, could not violate the zoning ordinance for the property in question; and, (C) that Developer complied with the terms and conditions of the ordinance. Generally, a petition is sufficient against a motion to dismiss if its allegations invoke substantive principles of law which entitle a plaintiff to relief and if it alleges facts which inform the defendant of what the plaintiff will attempt to prove at trial. *Murray v. Ray,* 862 S.W.2d 931, 933–34 (Mo.App. S.D.1993).

In its brief, Developer does not advance arguments for theories (B) and (C) above. These arguments, in view of the information, require more evidence to decide than that included in the information and the motion to dismiss.

Developer argues, however, that a municipal ordinance violation is a misdemeanor and that the one-year statute of limi-

tations applies; and further, that the statute of limitations runs from the date of last ownership of the property in question. Case law clearly refutes Developer's initial contention. It has long been held that proceedings in municipal courts for violations of municipal ordinances are civil actions to recover a debt due the city or to impose a penalty for the infraction. *Kansas City v. Stricklin,* 428 S.W.2d 721, 724 (Mo.banc 1968); *see also Frech v. City of Columbia,* 693 S.W.2d 813, 814 (Mo.banc 1985). In the instant case, City originally brought the action in municipal court. Developer sought, and was granted, removal to the circuit court. Thus, the rule in *Stricklin* applies.[1] Because this case is civil in nature, a five-year statute of limitations applies. The ordinance in question creates an obligation on the part of Developer to maintain siltation controls and pay for silt removal if any should occur. § 516.120(1), RSMo 1994; *see also Barberi v. University City,* 518 S.W.2d 457, 458–59 (Mo.App. E.D. 1975).

Finally, Developer cites us to no valid authority that the statute of limitations begins to run at the time the acts complained of are committed. In fact, the statute of limitations begins to run from the time the damages are capable of ascertainment. § 516.100, RSMo 1994; *Harting v. City of Black Jack,* 768 S.W.2d 633, 636 (Mo.App. E.D.1989). Here, the information alleges that the violation began on January 7, 1992. City filed the information on August 29, 1995, well within the five-year statute of limitations. We find that the information is sufficient to survive the Motion to Dismiss.

We reverse and remand to the trial court for further proceedings.

REINHARD and GARY M. GAERTNER, JJ., concur.

---

1. We note that this court recently held, in *St. Louis County v. Corse,* 913 S.W.2d 79 (Mo.App. E.D.1995), that misdemeanor procedure applies to the prosecution of county ordinance violations. *Id.* at 80. The instant case, however, is distinguishable. Though Ordinance No. 12,528 is a St. Louis County ordinance, it was adopted by City as Ordinances 624, 125 and 423. As noted above, City brings this case under its municipal ordinance, not under the county ordinance. Therefore, *Corse* does not apply.