**ST. CHARLES COUNTY, Appellant,**

v.

**CITY OF O'FALLON, Respondent.**

No. 73035.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 7, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Joann Mary Leykam, St. Charles, for appellant.

Robert M. Wohler, O'Fallon, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

· St. Charles County (County) appeals from judgment granting a motion to dismiss filed by City of O'Fallon (City). County argues the court erred in dismissing the petition for declaratory and injunctive relief: (1) because City's annexations failed to meet the requirements of Section 71.014, RSMo 1994, and thus were never effective; (2) based on laches; (3) on grounds of St. Charles County

Charter's (Charter) prohibition against intervention and participation in City's annexation; (4) on basis County was not directly affected by annexation because County sought judgment to determine its responsibilities to City, to citizens and whether annexation met requirements of Section 71.014, RSMo 1994; and (5) because it failed to notify parties it would treat the motion to dismiss as a motion for summary judgment. We affirm.

■ We will sustain a decision of the trial court to dismiss unless there is an abuse of discretion or an erroneous declaration or application of the law. *Givens v. Highland Diversified, Inc.*, 850 S.W.2d 107, (Mo.App. E.D.1993) *citing Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.Banc 1976).

Between 1994 and 1996 City annexed certain territory. County filed suit alleging City failed to meet the requirements for annexation prescribed in Section 71.014, RSMo, that City claimed escrowed taxes relative to the annexed property, and prayed for the court's determination regarding whether the annexation was void, or whether City had the right to cure compact and contiguous requirements after the fact. In its petition, County prayed as follows:

> Wherefore Plaintiffs request this Court to declare the rights of the parties under the questions raised herein finding that the annexation under Ordinances 3112, 3113, 3151 3152, and 3400 are void for failure to meet the requirements of contiguity and compactness at the time of the annexation and the City of O'Fallon may not cure the flawed annexation by the annexation in Ordinance 3392 in that a relation back theory is an attempt to circumvent the statutory requisites and violates the rights of the feeholders who purchased lands in the disputed areas before the attempted cure. Moreover the Plaintiffs request this court to enjoin the defendants from exercising it governmental authority over the area in question, or seeking tax revenues, until such time as the disputed property is annexed pursuant to the laws of the State of Missouri. Further, Plaintiffs seek attorney fees and costs in the matter and whatever other relief this Court may deem just and proper.

City answered. City then filed a motion to dismiss, relying on the Charter Section 10.603, as follows: "The county shall not intervene or otherwise participate, in favor of, or in opposition to, any annexation of territory to any city, town or village." Based on the Charter, City claimed County was violating its own authority. On May 23, 1997, the court heard the motion to dismiss and ordered each party to submit briefs and proposed orders. On July 8, 1997, the court granted City's motion to dismiss. Among its reasons for granting City's motion, the court found the County was prohibited from intervening pursuant to the County Charter Section 10.603. This appeal followed.

In Points I, III, and IV, County argues City failed to properly annex territory. In response, City relies on the language of Charter Section 10.603, as well as on the general proposition that the legislature has "sought to reduce the influence of county governments in matters involving annexation." *St. Louis County v. Village of Peerless Park*, 726 S.W.2d 405, 409 (Mo.App.E.D. 1987) *citing City of Town and Country v. St. Louis County*, 657 S.W.2d 598 (Mo.1983).

■ The language of Section 10.603 clearly prohibits County from intervening, or participating, in favor of or in opposition to any annexation of territory. We construe County's action, as stated in its prayer as seeking to intervene in opposition to City's annexation. In view of the prohibition against such intervention, we find the court did not err in granting City's motion to dismiss County's petition for declaratory and injunctive relief. Therefore, we find County's Point I, Point III, and Point IV are without merit. Each point alleges the court erred in dismissing the petition because City did not properly annex territory. County has no such authority to intervene. Points I, III, and IV are denied.

■ In Point II, County argues the court erred in dismissing the petition for declaratory and injunctive relief based on laches. We will affirm the order of dismissal if any ground supports the motion, regardless of

whether the trial court relied on that ground. *City of Chesterfield v. Deshetler Homes, Inc.*, 938 S.W.2d 671, 673 (Mo.App.E.D.1997). As previously stated, the court dismissed the suit pursuant to Section 10.603, because County was prohibited from bringing suit. Thus, County's complaint that laches was listed as an additional reason for dismissing the suit is without merit. Point II is denied.

In Point V, County argues the court erred in dismissing the petition for declaratory and injunctive relief because it failed to notify parties it would treat the motion to dismiss as a motion for summary judgment, by considering factual matters outside the pleadings, i.e., laches, whether City was providing services to annexed area, whether City followed correct procedures, and whether County was adversely effected. County relies on *City of Chesterfield v. Deshetler Homes, Inc.*, 938 S.W.2d at 673, for the following proposition: "Rule 55.27(a) provides in pertinent part that if matters are to be considered outside the pleadings in the review of a motion to dismiss, all parties are to be given notice by the Court that it will consider the motion as one for summary judgment and must permit them to present relevant evidence." County concludes the court erred because it failed to give the court proper notice of the conversion of the motion to dismiss.

■ In *City of Chesterfield*, finding no evidence the trial court notified the parties the pleadings and documents were to be reviewed as a summary judgment, this court reviewed the case before it as an order granting a motion to dismiss on the pleadings. *Id.* In this case, our review of the record reveals the court's order dated May 23, 1997, as follows:

> The City's Motion to Dismiss is called and heard. Parties are hereby ordered to file briefs within ten (10) days. The parties may file response briefs, if necessary, within five (5) days of the filing of the briefs. Parties shall also submit proposed orders on or before the deadline for filing response briefs.

Thus, the motion to dismiss was heard, and each party was ordered to file briefs. Nevertheless, our review of the record reveals no order specifically notifying the parties the documents were to be reviewed as a summary judgment. Thus, we will review the case at bar as an order granting a motion to dismiss on the pleadings. We turn to the motion to dismiss in which City alleged County was violating its own authority under Section 10.603. The trial court was not required to go beyond the pleadings to search for grounds to dismiss County's petition. County was barred from bringing a claim by the plain language of Charter Section 10.603. Point Five is denied.

We find no abuse of discretion nor an erroneous declaration or application of the law in the trial court's granting City's motion to dismiss. The judgment of the trial court is affirmed.

SIMON and HOFF, JJ., concur.