ST. LOUIS COUNTY,
Plaintiff/Respondent,

v.

Glen R. SPARKS, Defendant/Appellant.

No. ED 90502.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 27, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 15, 2008.

Application for Transfer Denied
Nov. 25, 2008.

Susan K. Roachm, Clayton, MO, for appellant.

Linda S. Wasserman, Clayton, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Defendant Glen R. Sparks appeals from the judgment of the St. Louis County Municipal Court convicting him of prohibited sexual conduct in violation of St. Louis County ordinances. We dismiss the appeal.

St. Louis County charged Defendant in the Municipal Court of St. Louis County with violating St. Louis County ordinance 713.070, prohibited sexual conduct. After a trial on the record, the court found Defendant guilty of the charge and sentenced him to a five hundred dollar fine. Pursuant to section 66.010.8, RSMo Cum.Supp. 2007, Defendant filed an appeal to this Court. In response to the appeal, St. Louis County has filed a motion to dismiss Defendant's appeal, contending it is untimely.[1] Appellant has filed multiple responses to the motion to dismiss.

▮ In prosecutions for county ordinance violations, the misdemeanor rules of criminal procedure apply. *St. Louis County v. Hooper*, 84 S.W.3d 492, 493 (Mo. App. E.D.2002); *St. Louis County v. Corse*, 913 S.W.2d 79, 80 (Mo.App. E.D. 1995); Section 66.140, RSMo 2000. Under Rule 30.01(d), the notice of appeal is due ten days after final judgment. "The sentencing of a defendant constitutes and has the same meaning as a judgment or final

---

1. St. Louis County has also filed a motion to strike Defendant's brief, which we deny.

judgment." *St. Louis County v. Afshari*, 978 S.W.2d 27, 28 (Mo.App. E.D.1998).

 Here, Defendant was sentenced on May 10, 2007. Therefore, Defendant's notice of appeal was due ten days later. Rule 30.01(d); *Afshari*, 978 S.W.2d at 28. Defendant filed his notice of appeal on August 17, 2007, which is untimely.[2]

St. Louis County's motion to dismiss is granted. The appeal is dismissed for lack of a timely notice of appeal.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.

---

**2.** Defendant's assertion that the filing of his motion for new trial on May 18, 2007 extended the time has no merit. There is no provision in the rules of criminal procedure for filing a motion for new trial *after* sentencing. Rule 29.11 cited by Defendant provides only that a motion for new trial may be filed within fifteen days after the return of the verdict. Here, the verdict of the court was returned on April 21, 2007, not May 10, 2007. Moreover, there is no provision in the criminal rules for any extension of the time for filing the notice of appeal under these circumstances.