In the ESTATE OF James H. McCOR-MACK, Deceased, Plaintiff-Appellant,

v.

Donna S. McCORMACK and Jackie McCormack, Defendant-Respondent.

No. 48026.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 11, 1984.

Robert L. Brown, Arnold, for plaintiff-appellant.

Dallas W. Cox, St. Louis, for defendant-respondent.

KAROHL, Presiding Judge.

In this appeal we are asked to decide whether the court correctly dismissed plaintiff estate's "First Amended Petition To Discover Assets." We find that the judgment is not a final judgment. We sustain respondents' motion to dismiss the appeal as premature.

The right to appeal is purely statutory. *Plaza Point Investments, Inc. v. Dunnaway*, 637 S.W.2d 303, 305–06 (Mo. App.1982). Section 512.020 RSMo 1978 permits an appeal only from a final judgment disposing of all parties and all issues. *Hill v. Boles*, 583 S.W.2d 141, 147 (Mo. banc 1979). As we view this case the ruling of the trial court did not and could not have disposed of all of the parties on any legal theory. We hold that the judgment was not a final judgment. Accordingly, we dismiss the appeal as premature and remand.

The "Order Dismissing *Amended* Petition" reads as follows:

Comes now this day [November 7, 1983] the court and sustains the respondents' motion to dismiss amended petition of the personal representative of the decedent's estate.

We begin by concluding that by implication the trial court allowed plaintiff estate to file its "First Amended Petition To Discover Assets." The amended petition is lodged in two counts. Count I attempts to allege a cause of action against decedent's son, Jackie McCormack, and his wife, Donna S. McCormack. Count II attempts to allege a cause of action against one Imogene Jones.

Before analyzing the allegations in Counts I and II it is significant that the plaintiff estate's original pleadings against respondents Jackie and Donna McCormack, only, were filed in April, 1983 and were followed by answers in the nature of general denials. The verified petitions alleged that respondent Donna McCormack was the custodian of certain accounts containing deposits belonging to the decedent and that she was in possession of miscellaneous savings bonds owned by the decedent. The claim against respondent Jackie McCormack alleged that he was in possession of cash and enumerated items of personal property belonging to the decedent. The estate requested the return of these items of decedent's property.

After a hearing was set on the original petitions plaintiff estate attempted to file a "First Amended Petition To Discover Assets." Count I of the proposed amended petition realleged the existence of custodial accounts containing property belonging to the decedent, possession of savings bonds belonging to the decedent, and that respondent Donna McCormack had breached a fiduciary duty in managing property of the decedent over a period of approximately eight years and was indebted to the estate for breach of her fiduciary duty. The amended petition in Count II alleged that Imogene Jones had in her possession some of the same savings bonds referred to in Count I and requested that they be returned to the estate.

Respondents McCormack filed an alternative motion to oppose leave to file the first amended petition or for dismissal of the first amended petition, if filed. In view of the form of the order here appealed we consider only the grounds for respondents' motion to dismiss: (1) that Count I raises issues equitable in nature over which the probate court has no jurisdiction; (2) that Counts I and II fail to state a claim upon which relief can be granted because it seeks to make assets of the estate accounts which were held in joint tenancy with right of survivorship and attempts to reach assets which have been expended and were not in existence at the time of death of

James H. McCormack; (3) if the petition attempts to allege a cause of action in fraud it is barred by the statute of limitations, citing § 472.012 [sic § 472.013], RSMo Supp.1984 enacted January 1, 1981.

■ Dismissal for failure to state a cause of action was an error of law. Probate pleadings are not to be judged by the strict rules of pleadings applied to a petition in the circuit court. If the pleadings give reasonable notice of the nature and extent of the claim strict rules of pleadings applied to a petition in the circuit court are not required. *See Jensen v. Estate of McCall*, 426 S.W.2d 52, 55 (Mo.1968). Although the *Jensen* holding approved a claim against the estate we see no reason not to apply the general rule in pleadings on behalf of the estate. Further, "[t]he trial court's ruling on a motion to dismiss for failure to state a claim must be construed liberally and favorably to plaintiffs, giving them the benefit of all inferences fairly deducible from the facts stated therein (citation omitted). The facts alleged in the petition should be assumed to be true (citation omitted). The dismissal will be upheld only if plaintiff could not recover on any theory pleaded (citation omitted)." *Gaines v. Monsanto Company*, 655 S.W.2d 568, 570 (Mo.App.1983).

■ Applying these principles we find that the first amended petition states a cause of action against respondents McCormack. Although Count I is a confusing mixture of attempted claims it states a cause of action for the return of custodial accounts, savings bonds and personal property alleged to be in the possession of respondents McCormack. § 473.340.1 RSMo Supp.1984. It also states a common law cause of action for the concealment of funds belonging to the decedent and funds obtained by one or both of the respondents by undue influence. Count II against Imogene Jones states a cause of action for the return to the estate of U.S. Savings Bonds alleged to be the property of decedent.

In determining the sufficiency of Count I challenged by a motion to dismiss we give

the petition its broadest intendment. *French v. Jochens*, 642 S.W.2d 677, 678 (Mo.App.1982). We find that the petition invokes principles of substantive law for the return of existing accounts, bonds, personal property, and an existing cause of action for breach of fiduciary duty, and on Count II, existing U.S. Savings Bonds.

Respondents argued to the trial court and reargued to this court that to the extent that the accounts are joint tenancy accounts with right of survivorship they are not probate assets. Although this is a correct statement of the law it is not applicable. The petition alleges that the accounts are custodial and not joint accounts in which event the point of law does not apply.

■ Respondents also argue that Count I fails to state a cause of action for an accounting with respect to funds that have been received and spent before the date of death and were therefore not in existence at the time of death. We find that only that part of the pleading in Count I that attempts to reach or effect assets not alleged to be in existence at the time of death fails to state a cause of action and is not cognizable under the provisions of § 473.-340.1 RSMo Supp.1984. *In re Estate of Goldenberg*, 601 S.W.2d 637, 639 (Mo.App. 1980).

■ If the judgment of the trial court was based upon either of the other grounds presented it was in error. By the provisions of Article V, § 27.4(a) of the Missouri Constitution probate courts have the same powers and jurisdiction as judges of the circuit court. The probate court may now decide equitable issues and had jurisdiction over the subject matter. Finally, respondents' reliance on § 472.013 RSMo Supp. 1984 as a statute of limitations on a claim of fraud is misplaced and will not support dismissal. That section relates only to fraud in connection with any proceedings under the probate code not fraud rendered to or against the decedent during his lifetime which is the basis alleged in the dismissed Count I.

■ The trial judge dismissed Count I and Count II without specifying grounds. We affirm such dismissal only if any of the grounds asserted for dismissal are valid. *Iverson v. Crow*, 639 S.W.2d 118, 119 n. 2 (Mo.App.1982). Where none of the grounds will support the dismissal as a matter of law the judgment of dismissal must be reversed.

■ Returning to the allegations of Count II the trial court was confronted with a single allegation that defendant Imogene Jones was in possession of U.S. Savings Bonds belonging to the estate. Defendant Imogene Jones filed no motion to dismiss. None of the grounds of the motion to dismiss relate to that part of the pleading. On no theory of law would dismissal of that part of the petition lie. It necessarily follows that the trial court was unauthorized to dismiss Count II of the petition on any theory presented or argued. Accordingly the judgment dismissing Count II fails. The judgment did not dispose of all parties. The court did not designate the judgment as appealable. No doubt this was because it believed that the whole case could be and was being dismissed. Nevertheless the judgment was not final. *In the Matter of Estate of Curtis*, 663 S.W.2d 420, 422–424 (Mo.App.1983).

After appellant's brief was filed and before respondents' brief was filed, respondents filed a motion to dismiss the appeal as premature. We sustain the motion and dismiss the appeal on that ground and remand for further proceedings.

REINHARD and CRANDALL, JJ., concur.