**In the Matter of the ESTATE OF Monta Ruth WOODRUM.**

**Terry WEYRAUCH, Plaintiff–Appellant,**

v.

**Ronald Wayne WOODRUM and Western Surety Company, Defendants–Respondents.**

**No. 18464.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 19, 1993.

---

Albert Crump, Jr., Albert Crump, Jr., P.C., Rolla, for plaintiff-appellant.

Mark E. Rector, Donnelly, Baldwin & Wilhite, Lebanon, for defendant-respondent, Western Sur. Co.

PARRISH, Chief Judge.

This is an appeal from an order dismissing a petition for discovery of assets filed in a decedent's estate. The trial court found that the petition for discovery of assets failed to state a claim upon which relief could be granted against the persons it named as respondents. This court affirms in part, reverses in part and remands.

Monta Ruth Woodrum is survived by Ronald W. Woodrum,[1] her husband, and three children from a previous marriage, one of whom, Terry Weyrauch, is appellant in this case. Before her death, Mrs. Woodrum was incapacitated and disabled. Mr.

Woodrum had served as conservator and guardian for Monta Ruth Woodrum. He was appointed guardian and conservator by the probate division of the Circuit Court of Pulaski County, Missouri. However, the court revoked his appointment by order dated April 2, 1985, "because of ... failure to discharge his official duties, failing to answer citation and attachment to make settlement, and failing to pay necessary bills to maintain the said Monta Ruth Woodrum." Terry Weyrauch was appointed "successor guardian" and conservator May 7, 1985.

Mrs. Woodrum died October 1, 1991. Letters of Administration of her estate were granted November 26, 1991, by the probate division of the Circuit Court of Laclede County, Missouri. Mr. Woodrum was appointed administrator.

After Mrs. Woodrum's death, appellant filed a final settlement in the conservatorship proceeding in the probate division of the Circuit Court of Pulaski County. The final settlement was approved and appellant was discharged as guardian and conservator. Property that appellant held as conservator was transferred to the decedent's estate.

Following the transfer of property to the decedent's estate, appellant filed a petition for discovery of assets. The petition named Ronald Wayne Woodrum and Western Surety Company as respondents. Mr. Woodrum and Western Surety Company filed separate motions to dismiss for failure to state claims for which relief could be granted and for failure to state causes of action against them. Western Surety Company's motion further alleged that the claim was "barred by the Statute of Limitations, RSMo. Section 516.120."[2] The trial court granted both motions to dismiss. The trial court further found, in separate orders granting the motions, that there was no just reason for delay of entry of judgment with respect to the petition for

---

1. Mr. Woodrum is identified in documents that are part of the legal file in this case as Robert W. Woodrum and as Robert S. Woodrum. No party to this appeal contends that this is not the same person.

2. References to statutes are to RSMo 1986.

discovery of assets and that the dismissal was "a final judgment within the meaning of Rule 74.01(b) of the Missouri Rules of Civil Procedure."

■ Appellant contends the trial court erred in granting the motions to dismiss the petition for discovery of assets because the petition set forth all the allegations required by § 473.340 and therefore stated an actionable claim. Appellant further contends that, as to the motion of Western Surety Company, the claim is not "on its face" subject to dismissal "for being barred by the statute of limitations in section 516.120 RSMO."

The adequacy of pleadings in a probate proceeding brought pursuant to § 473.340 was addressed in *Estate of McCormack v. McCormack*, 676 S.W.2d 928 (Mo.App. 1984).

> Probate pleadings are not to be judged by the strict rules of pleadings applied to a petition in the circuit court. If the pleadings give reasonable notice of the nature and extent of the claim strict rules of pleadings applied to a petition in the circuit court are not required. *See Jensen v. Estate of McCall*, 426 S.W.2d 52, 55 (Mo.1968).... Further, "[t]he trial court's ruling on a motion to dismiss for failure to state a claim must be construed liberally and favorably to plaintiffs, giving them the benefit of all inferences fairly deducible from the facts stated therein (citation omitted). The facts alleged in the petition should be assumed to be true (citation omitted). The dismissal will be upheld only if plaintiff could not recover on any theory pleaded (citation omitted)." *Gaines v. Monsanto Company*, 655 S.W.2d 568, 570 (Mo.App.1983).

*Id.* at 930.

The petition for discovery of assets included allegations about property that Mr. Woodrum possessed while he was Mrs. Woodrum's conservator. Paragraph 9 of the petition stated:

> That the said Ronald Woodrum has unlawfully, without consideration, obtained possession of said personal property of the decedent Monta Ruth Woodrum and now has the said property which he is adversely withholding and claiming as his own and not the property of Monta Ruth Woodrum.

*In re Estate of Goldenberg*, 601 S.W.2d 637 (Mo.App.1980), was an action for discovery of assets in a decedent's estate. The petition in *Goldenberg* alleged there were certificates of deposit that the decedent owned at the time of his death that were not included in his estate. The petition also alleged that the decedent "had a savings account which he withdrew shortly prior to his death." *Id.* at 639. The court explained that a pleading had to "plead the existence of an asset at the time of death to be cognizable under the statutory cause of action." *Id.* The allegation that the decedent had certificates of deposit at the time of his death that were not included in the estate was sufficient. The allegation that there had been a savings account that he had withdrawn *prior to his death* was not sufficient.

Appellant's petition for discovery of assets alleged that Ronald Woodrum "now has" property that belonged to Monta Ruth Woodrum. It alleged that Ronald Woodrum was "adversely withholding" the property and that he was claiming the property "as his own." These allegations were sufficient to state a cause of action against Ronald Woodrum. Appellant's point on appeal is well-taken as to Ronald Woodrum. The trial court erred in granting Ronald Woodrum's motion to dismiss. The order dismissing the action as to Ronald Woodrum must be reversed.

■ The petition for discovery of assets included the following allegations with respect to Western Surety Company.

4. That Monta Ruth Woodrum, the deceased, was adjudicated an incapacitated person in the Circuit Court of Pulaski County, Missouri, Probate Division, in Estate No. CV582–53P and pursuant to the order of the Court Ronald Woodrum was appointed as guardian and conservator for Monta Ruth Woodrum.

5. That in conjunction with the said appointment as guardian and conserva-

tor, the Western Surety Company issued its bond assuring the faithful performance of Ronald Woodrum in the amount of $25,000,....

\* \* \* \* \* \*

7. That thereafter, and on or about April 2, 1985, Ronald Woodrum as guardian and conservator had his letters of guardianship and conservatorship revoked because of his failure to discharge his official duties, including a failure to answer citation and attachment to make settlement and failing to pay necessary bills to maintain the said Monta Ruth Woodrum,....

\* \* \* \* \* \*

11. That the bond issued by the Respondent Western Surety Company for the faithful performance of Ronald Woodrum has not paid into the Estate of Monta Ruth Woodrum for the misfeasance of Ronald Woodrum in his capacity as guardian and conservator.

The part of the discovery of assets proceeding that was directed to Western Surety Company sought an adjudication that Western Surety Company was liable on a surety bond and an order that would require Western Surety Company to pay the amount of the bond into the estate. Appellant alleged in the petition for discovery of assets, that Ronald Woodrum, as conservator in the Pulaski County proceeding, had, in effect, converted assets of Mrs. Woodrum.

A surety may be liable on a guardian's (or conservator's) bond for conversion by a guardian of assets of an estate. *See Estate of Kauppi v. Bridges*, 462 S.W.2d 694, 699–700 (Mo.1971). However, an action to recover on a surety bond is a contract action in which "the obligation of the surety is measured and limited by the principal's obligation and 'is not to be held beyond the terms of his contract.'" *Id.* at 697 quoting from *Tittman v. Green*, 108 Mo. 22, 33, 18 S.W. 885, 887 (1891).

The probate division of a circuit court has authority in an action for discovery of assets to "determine the persons who have an interest in said property together with the nature and extent of any such interest." Section 473.340.3. It does not have authority to try an action for breach of contract. *See* § 472.020. The petition for discovery of assets did not state a cause of action that was cognizable against Western Surety Company in the probate proceeding in the decedent's estate. The trial court committed no error in dismissing the petition as to respondent Western Surety Company. It is unnecessary to address the statute of limitations issue included in appellant's point on appeal and this court declines to do so.

The trial court's order dismissing the petition for discovery of assets as to Western Surety Company is affirmed. The order dismissing the petition for discovery of assets as to Ronald Wayne Woodrum is reversed and remanded.

SHRUM, J., concurs.

CROW, P.J., concurs in separate opinion filed.

CROW, Presiding Judge, concurring.

I concur in the result reached by the principal opinion. I write separately out of concern about dismissal of Appellant's petition as to Western Surety Company.

I agree with the principal opinion's holding that the petition does not state a cause of action which the probate division was authorized to hear and determine against Western Surety incidental to probate of the decedent's estate. What concerns me is whether the judge of the probate division could have certified the dispute between Appellant and Western Surety to the presiding judge of the circuit for assignment to a judge having authority to hear and determine such dispute. Had Appellant searched the statutes and briefed the issue, it is a question that would have warranted our attention. However, the issue is unmentioned in either party's brief, and I believe we should not address it without benefit of briefs.

By concurring in the result, I do not foreclose consideration of the issue if it is presented in a future case.