Sandra D. WHEELEHAN,
et al., Appellants,

v.

Elizabeth DUEKER and Ann
Dueker, Respondents.

No. 75282.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 27, 1999.

Michael J. McKitrick, St. Louis, for appellant.

Mark H. Neill, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Sandra D. Wheelehan, her brothers, Paul, Christopher, William, and David Dueker, her sister, Jane Dueker Goodwin, her cousins, Robert, Thomas, and John Horace and Catherine Horace Pellerito (collectively "the cousins"), appeal from the trial court order dismissing their petition against Elizabeth Dueker and her mother, Ann Dueker (collectively "the Duekers"). The trial court found the cousins lacked standing to bring action against the Duekers for an accounting and undue influence. In its order granting dismissal,

the trial court noted the cousins alleged they were residuary beneficiaries but not heirs-at-law of the testator, Mary B. Brown ("Aunt Mary"). It also noted the cousins did not join all residuary beneficiaries under the will and could not assert rights reserved for Aunt Mary or her personal representative. The cousins contend they have standing and that the trial court erred in refusing them leave to amend. Without reaching the standing issue, we reverse and remand.

■ In reviewing a trial court's dismissal of a petition, we ascertain whether the facts pleaded and reasonable inferences drawn therefrom provide any basis for relief. *City of Chesterfield v. Deshetler Homes, Inc.*, 938 S.W.2d 671 (Mo.App. E.D.1997). We treat all facts alleged as true and construe allegations liberally and favorably to the plaintiff. *Id.*

The cousins are nieces and nephews of Aunt Mary. The Duekers acknowledge residing with Aunt Mary for several years prior to her death on January 16, 1996. During this time, Aunt Mary was advanced in years and suffering from poor health. Eventually, the Duekers assumed control over her financial affairs.

The cousins filed a two-count petition against the Duekers. The cousins allege that during these years, the Duekers exerted influence over Aunt Mary, resulting in the loss of her free will. The cousins also allege this undue influence caused Aunt Mary to transfer her property to various members of the Elizabeth and Ann Dueker branch of the family, who continue to retain joint ownership over the diverted property.

The cousins sought an accounting and alleged undue influence, claiming the Duekers' fraudulent conduct prevented the cousins from receiving their rightful share of Aunt Mary's assets. However, there was no personal representative appointed and no distribution under the will because it was not filed within one year of Aunt Mary's death.[1] Without a personal representative, access to specific information was unavailable to the cousins.

The Duekers filed a pretrial motion to dismiss the case claiming 1) the cousins had no standing to bring their cause of action; and 2) the cousins did not allege the necessary facts to sustain a fraud claim. In response, the cousins orally requested leave to amend the pleading to include a claim under Chapter 472.013 if the court planned to grant the motion.[2] The trial court refused to consider the request because the cousins failed to provide a fully drafted amended pleading or a motion to amend. In addition, the trial court claimed the cousins would never be entitled to receive what they would have inherited under the will because it had not been probated within one year of Aunt Mary's death and therefore, under Section 473.050, the will had no legal effect.

The trial court then dismissed the case with prejudice. The trial court never ruled on the cousins' oral motion for leave to amend. Similarly, the trial court never ruled on the joinder issue raised by the Duekers.[3] This appeal follows.[4]

---

1. The Duekers do not deny they had possession of the will upon Aunt Mary's death and failed to timely file the will in the probate division. Chapter 473.050 of the probate code prohibits admission of wills produced for execution more than one year after the death of the testator. If the will had been probated, all of the cousins would have been residuary legatees. Even without a will, most of the cousins may claim an interest in Aunt Mary's estate as heirs at law; only the four Horace siblings named in the will cannot.

2. Plaintiff's Suggestions in Opposition to Defendant's Motion to Dismiss also contained the substance of the cousins' fraud claim under Chapter 472.013. In relevant part, this statute provides: "[w]henever fraud has been perpetrated in connection with any proceeding" under this code, or if fraud is used to circumvent the provisions or purposes of this code, any person injured thereby may obtain appropriate relief against the perpetrator."

3. The cousins failed to join all parties who would have had an interest as residuary legatees if the will had been admitted to probate.

4. The "order and judgment" of the trial court is appealable pursuant to Chapter 472.160(14).

■ We address the cousins' second point first because it is dispositive of the appeal. In their second point, the cousins claim the trial court erred in denying leave to amend. We agree.

■ A trial court has broad discretion in permitting amendment to pleadings, but only clearly erroneous decisions can be reversed. *Lester v. Sayles*, 850 S.W.2d 858 (Mo. banc 1993). Rule 55.33(a) directs courts to freely grant parties leave to amend when justice so requires. *Id.* In determining whether leave to amend should be granted, courts evaluate three different criteria: 1) reasons for the moving party's failure to include the matter in the original proceedings; 2) any prejudice to the non-moving party; and 3) hardship to the party requesting amendment if the request is denied. *Id.* Further, there is no requirement that a party requesting leave to amend a pleading must file a motion or the amendment itself before making that request.[5]

Here, the cousins never had an opportunity to thoroughly explore the facts surrounding the Duekers' ownership of the assets named in the will. This case was dismissed prior to discovery. As a result, the cousins could not articulate more specific facts in their original pleading.

The Duekers would not have suffered prejudice if the trial court had permitted amendment. The lawsuit was in a preliminary stage, with no trial date set and no discovery conducted. Most importantly, it is clear a hardship upon the cousins is created when the court forecloses all opportunity for the cousins to obtain relief when it denies leave to amend and dismisses with prejudice.

The Duekers rely on *Downey v. Mitchell*, 835 S.W.2d 554 (Mo.App. E.D.1992). In *Downey*, the plaintiff failed to allege facts in her second amended pleading which would support a conclusion in her favor. *Id.* at 556. Appropriately, the trial court dismissed her case. *Id.* at 556. However, the Dueker's reliance on this case to support the trial court's ruling in its favor is misplaced. Unlike the plaintiff in *Downey*, the cousins have not had two additional opportunities to amend their pleadings.

■ Moreover, probate pleadings are not to be judged by strict rules of pleading. *McCormack v. McCormack*, 676 S.W.2d 928, 930 (Mo.App.1984). If the pleading provides reasonable notice of the nature of the claim, strict adherence to circuit court rules is unnecessary and dismissal will be upheld only if no recovery is possible. *Id.* Further, Rule 55.33(a) also supports the cousins' attempt to have their day in court by requiring leave to "be freely given when justice so requires."

The cousins' original pleading vaguely suggests elements of fraud. The cousins allege the Duekers' deliberate actions constituted a breach of duty resulting in damage to the cousins and entitling them to relief. We find the trial court erred in denying the cousins leave to amend. This is especially so if the Duekers' intentional disregard for timely filing the will now permits them to ignore the wishes Aunt Mary expressed. The cousins are entitled to pursue their fraud claim.[6] They should be given time to investigate the facts, join the proper parties, and precisely plead their case.

Reversed and remanded for the court to grant leave to amend. Amendments shall

---

5. In the interest of judicial economy, parties are urged to file amended pleadings at the time they request leave to amend. Observation of this practice will allow motion courts to make fully informed rulings.

6. The ruling in *Thurmon v. Ludy*, 914 S.W.2d 32 (Mo.App. E.D.1995), suggests that the cousins' standing to pursue a fraud claim will lie so long as it is properly pleaded. In *Thurmon*, the court acknowledged that even an heir-at-law not included in a will could have standing to pursue a fraud claim.

relate back to the original pleading date. Rule 55.33(c).

KAROHL, J., and CHARLES B. BLACKMAR, Senior Judge, concur.