Ross D. **HARRISON**,
Petitioner/Respondent,

v.

Kim Rene **HARRISON**,
Respondent/Appellant.

No. ED 77537.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 10, 2000.

Michael F. Merritt, Creve Coeur, for appellant.

Susan M. Hais, Clayton, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Kim Renee Harrison ("mother") appeals from the trial court's denial of her motion

to reinstate child support for lack of subject matter jurisdiction. Mother contends the trial court had jurisdiction pursuant to statute, case law and the Missouri Constitution. We reverse and remand.

■ On appellate review of a dismissal, we treat all facts alleged in the petition as true. *Adams v. Adams*, 871 S.W.2d 105, 106 (Mo.App.1994). Ross D. Harrison ("father") and mother were married October 27, 1979. Two children were born of the marriage, Jacquelyn ("daughter"), born December 31, 1981, and Jared ("son"), born March 24, 1987. The marriage was dissolved October 13, 1997. The trial court found that mother and father had both attempted to alienate the minor children from the other parent. Father was awarded primary custody of son and mother was awarded primary custody of daughter. Father was ordered to pay $375.00 per month in child support to mother.

On December 9, 1997, father filed a motion to cite and punish mother for contempt of court because she had only allowed him to see daughter twice since the decree of dissolution, in contravention of the order. On March 9, 1998, the trial court continued the case for sixty days and ordered counseling for the family. The case was again called on May 4, 1998 and the trial court ordered abatement of all child support to mother.

In March 1999, mother filed a motion to reinstate child support. Daughter testified she was willing to make efforts to improve her relationship with father, but father lacked interest in the relationship and had committed demeaning acts towards her including calling her profane names, alienating her from her brother, embarrassing her at her place of employment, and by failing to maintain a place for her to stay overnight with him. Daughter also testified that mother encouraged her to visit father and to maintain a relationship with him. On December 29, 1999,

mother's request for reinstatement was denied for lack of subject matter jurisdiction. In the order, the trial court suggested mother could file a motion to modify the support order. The judgment became final February 16, 2000 after the trial court denominated the December 29, 1999 order a judgment. Mother then filed this appeal.

■ Mother claims the trial court erred in denying the motion to reinstate child support because the trial court did have subject matter jurisdiction. We will uphold the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The trial court has continuing jurisdiction over both parties in an order for child support for the purpose of modifying such order. Section 452.370 RSMo (Supp. 1998).[1] The standard for modification of child support is set out in section 452.370.1. Child support may be modified "upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Section 452.370 RSMo. When determining child support, the court's function is to protect the best interests of the child. *McCreary v. McCreary*, 954 S.W.2d 433, 452 (Mo.App. 1997).

■ Notwithstanding mother's contention in her brief that the motion was not a motion to modify, the face of the motion alleges facts, which if proven, could support a substantial and continuing change in circumstances. Daughter testified that she attempted to make efforts to improve the relationship with her father and that father had committed acts toward her that have continued to hamper the relationship. Daughter also testified that mother had encouraged her to have a relationship with father. In addition, the guardian ad litem's position was that it would be in

1. All statutory references are to RSMo (Supp. 1998) unless otherwise indicated.

daughter's best interest to have child support reinstated. Mother's motion to reinstate child support could properly be treated as a motion to modify. *See Gulmen v. Gulmen,* 851 S.W.2d 37, 40 (Mo.App.1993). The effect of her motion to reinstate child support was a motion to modify; therefore, the trial court had jurisdiction.

We reverse and remand for the trial court to determine whether the support provisions of the judgment should be modified under the standards set out in section 452.370.

WILLIAM H. CRANDALL, Jr., J., concurs.

JAMES R. DOWD, J., concurs.