**Goretti LIM, Appellant,**

v.

**King Chuen CHONG et al., Respondent.**

**No. ED 78755.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 20, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 2002.

G. William Wynne, Clayton, MO, for appellant.

David G. Dempsey, St. Louis, MO, for respondent.

JAMES R. DOWD, Chief Judge.

This is an equity case. Goretti Lim filed a petition requesting the court to order her sister, Cathy Chong, and her sister's husband, King Chuen Chong (the Chongs), to account for the assets of their deceased mother, Lin Tang Wong (mother). The trial court granted the Chongs' motion to dismiss with prejudice for failure to state a claim.

■ When a motion to dismiss is granted we view all well-pled allegations to be true. *Harrison v. Harrison,* 28 S.W.3d 500, 501 (Mo.App. E.D.2000). According to Lim's petition, her mother lived with the Chongs from 1974 until her death in 1993. During this period it is alleged that the Chongs were in charge of mother's financial affairs, including her twelve million dollars in banks, financial institutions and real estate; that throughout her life mother clearly expressed her wish that all of her children should benefit equally from her property; that she died without assets; and that all of her property is now in the possession of the Chongs.

According to the petition, the Chongs had actual or supervisory custody of the real estate and personal property of mother and by "undue influence, deceit, misrepresentation, and fraud" converted or caused mother to sell the property and transfer the proceeds to the Chongs, depriving Lim and her sisters of an inheritance. Lim further alleges the transfer of mother's property to the Chongs was done without written authorization and that mother died without a will or a trust. Despite repeated requests by Lim for records of her mother's property and its disposition, the Chongs have refused to provide any records. In her petition Lim requested the following from the court:

An order that the Defendants account to her for all of the property, both real and personal, of Lin Tang Wong that has come into their possession, to disclose to her all legal documents that have allowed Defendants to administer, transfer or otherwise dispose of Lin Tang Wong's property, to declare the rights and interest of the Plaintiff in the property, to award the Plaintiff the reasonable value of her interest, to impose a judgment of damages in the amount determined to be due to Plaintiff by the accounting, to assess punitive damages, if appropriate, and for all other and further orders as the Court deems necessary and proper.

As stated, the trial court dismissed Lim's cause of action for failure to state a claim.

■ The law generally favors trials upon the merits, and the criteria by which the sufficiency of petitions is judged have been developed to promote this purpose. *Collins v. Swope,* 605 S.W.2d 538, 540 (Mo. App. S.D.1980). When confronted with a motion to dismiss for failure to state a claim, a court is required to construe the petition liberally and favorably, and plaintiffs will be given the benefit of every favorable and reasonable intendment the facts alleged will allow. *Behrenhausen v. All About Travel, Inc.,* 967 S.W.2d 213, 216 (Mo.App. W.D.1998). The facts alleged in such a petition are taken to be true. *Harrison,* 28 S.W.3d at 501. A petition cannot be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *McIntosh v. Foulke,* 360 Mo. 481, 228 S.W.2d 757, 761 (1950).

■ The petition here is an action for an accounting. The law in Missouri re-

quires an accounting to be tried in two phases: First, a determination of the right to an accounting, and if a right to an accounting is found, then an actual accounting must occur. *State ex rel. Rowlett v. Wilson,* 574 S.W.2d 376, 378 (Mo. banc 1978). Because the trial court must determine if a plaintiff is entitled to an accounting before hearing evidence in the actual accounting, the court should determine if it has equitable jurisdiction to order an accounting. *Id.* This requires the plaintiff to adequately plead: (1) the need for discovery, (2) the complicated nature of the accounts, (3) the existence of a fiduciary or trust relationship, and (4) the inadequacy of legal remedies. *Bossaler v. Red Arrow Corp.,* 897 S.W.2d 629, 630 (Mo.App. E.D. 1995).

The question here is: did Lim sufficiently plead these elements? Assuming the allegations in the petition are true, mother had assets of approximately twelve million dollars in real estate, banks and other financial institutions in the United States and Hong Kong. Mother consistently expressed her desire that her assets be used to benefit her daughters equally when she died. The petition states that prior to mother's death the Chongs "were in charge of [her] financial affairs and managed her considerable portfolio" and "had supervisory custody or actual custody of the property." When mother died, she had neither a will nor assets and Lim has been unable to determine what happened to the assets. Lim has repeatedly requested the Chongs to provide an accounting, but the Chongs have refused. Lim's petition asserts that she has "no means of discovering ... [those assets] without the cooperation and assistance of the Defendants;" that she has no adequate remedy at law; and that she will suffer irreparable injury without an accounting.

■ The Chongs do not challenge that Lim has adequately pleaded the need for discovery, the complicated nature of the accounts and the inadequacy of legal remedies. They claim, however, that Lim has failed to sufficiently plead a fiduciary or trust relationship. First they argue that Lim's petition fails to plead that the Chongs "controlled" mother's assets. This contention elevates words over substance. We construe the petition liberally and favorably, and give plaintiffs the benefit of every favorable and reasonable intendment the facts alleged will allow. *Behrenhausen,* 967 S.W.2d at 216. Lim's petition alleges that the Chongs were "in charge of" and had actual or supervisory custody of mother's assets before her death. Though Lim does not use the word "control," her petition nonetheless sufficiently informs the Chongs what she will attempt to establish at trial. *See Scheibel v. Hillis,* 531 S.W.2d 285, 289 (Mo. banc 1976). Lim thus sufficiently alleges that the Chongs "controlled" mother's property.

■ The Chongs then argue that Lim's petition is insufficient because she has pleaded a fiduciary relationship only between the Chongs and mother, not between the Chongs and Lim. The Chongs argue that in order for an accounting to lie Lim must plead a fiduciary relationship between the Chongs and Lim. This misstates the law. As is made clear in *Suhre v. Busch,* 343 Mo. 679, 123 S.W.2d 8 (1938), courts of equity may impose a constructive trust even in the absence of a fiduciary relationship between parties.

> Constructive trusts do not, like express trusts and resulting trusts, arise by virtue of agreement or intention, either actual or implied, but by operation of law, or, more accurately, by construction of the court, regardless and independently of any actual or presumed intention of the parties to create a trust. . . .

[I]n imposing or declaring a constructive trust a court of equity merely uses the machinery of a trust to prevent fraud or provide a remedy in cases of fraud, actual or constructive, by making the person who has wrongfully acquired property, or has acquired property under such circumstances as make it inequitable for him to retain it, a trustee for the person defrauded or injured by such fraudulent or wrongful conduct.... [A] constructive trust is the method or formula used by a court of equity as a means of effecting restitution or of rectifying a situation where, as the result of the violation of confidence or faith reposed in another, or fraudulent act or conduct of such other, the plaintiff, who seeks the aid of equity, has been wrongfully deprived of, or has lost, some title, right, equity, interest, expectancy, or benefit, in the property which, otherwise and but for such fraudulent or wrongful act or conduct, he would have had.

*Id.* at 15. The court in *Suhre* went on to make clear that when one person gives property to another under the assurance that the grantee will apply the property for the benefit of other parties, equity will impose a constructive trust in favor of the other parties. *Id.* at 16–17. This is especially true in the case of close family members. *See* RESTATEMENT (SECOND) OF TRUSTS § 44, Comment c (1959).

Justice Cardozo, in *Sinclair v. Purdy*, 235 N.Y. 245, 139 N.E. 255 (1923), speaking of a conveyance by a brother to his sister, explained the rationale for courts of equity intervening in these situations:

We think a confidential relation was the procuring cause of the conveyance.... It was the case of a confidence induced, not by the bare promise of another, but by the promise and the confidential relation conjoined. The absence of a formal writing grew out of that very confidence and trust, and was occasioned by it. In such conditions, the rule in this state is settled that equity will grant relief. ... It is not the promise only, nor the breach only, but unjust enrichment under cover of the relation of confidence, which puts the court in motion.

*Id.* at 258 (citations and quotations omitted).

Missouri has followed a similar rule. In *Harlan v. Bishoff*, 649 S.W.2d 230, 233 (Mo.App. W.D.1983), for instance, the court imposed a constructive trust on the son in favor of the father's stepson because the father had consistently expressed his desire that his assets be divided equally between all his children, including his stepson. *Id.* at 233–34. The court cited *Schoenberg v. Schoenberg*, 615 S.W.2d 111, 114–15 (Mo.App. E.D.1981), for the principle that a familial relationship is a factor to be considered when imposing a constructive trust. *Harlan*, 649 S.W.2d at 233. More recently, in *Wheelehan v. Dueker*, 996 S.W.2d 780 (Mo.App. E.D.1999), this court reversed a dismissal on the pleadings and allowed the action for an accounting to go forward. There, nieces and nephews of the deceased aunt filed a petition for an accounting and alleged that their cousins lived with and assumed control over the financial affairs of the aunt. *Id.* at 781. The cousins also alleged that the defendants exerted undue influence on the aunt to cause her to transfer property to the defendants and their families, without a personal representative or will. *Id.* This case is similar.

Here the petition alleges that Cathy Chong and Goretti Lim are the daughters of mother; that throughout her life mother expressed the desire that her daughters benefit equally from her assets when she died; that the Chongs lived with mother for several years prior to and until the

time of mother's death; that they were in charge of mother's portfolio; and that when mother died she had neither a will nor assets. Lim also pleaded that through "undue influence, deceit, misrepresentation, and fraud" the Chongs either converted the property or caused mother to sell the property and transfer the proceeds to the Chongs, depriving Lim of an inheritance. Our holdings in *Suhre, Harlan and Wheelehan* make clear that these allegations are sufficient to establish a constructive trust. *See also* RESTATEMENT, RESTITUTION § 182(a).

▇▇▇▇▇ The Chongs go on to argue that Lim's allegations of fraud should be ignored because Rule 55.15 requires all averments of fraud to be pleaded with particularity and Lim's allegations of fraud are entirely lacking in detail. At the outset we note that specific allegations of fraud are not essential to establish the need for an accounting. *Bossaler*, 897 S.W.2d at 630. A breach of promise made during a fiduciary or confidential relation is itself fraud and so no proof of fraud is necessary to establish a constructive trust. *Swon v. Huddleston*, 282 S.W.2d 18, 25 (Mo.1955); *White v. Mulvania*, 575 S.W.2d 184, 189 (Mo. banc 1978). It is important that here the plaintiff is in the initial stage of an accounting and no discovery has occurred. In *Wheelehan*, as here, no personal representative was appointed and the relatives were unable to obtain specific information about what happened to the decedent's assets. *Wheelehan*, 996 S.W.2d at 781. In reversing the trial court's dismissal of the cousins' action for an accounting we stated:

> Here, the cousins never had an opportunity to thoroughly explore the facts surrounding the Duekers' ownership of the assets named in the will. This case was dismissed prior to discovery. As a result, the cousins could not articulate

more specific facts in their original pleading.

*Id.* at 782. For all these reasons, Lim's failure to plead fraud with particularity at this stage is not fatal to her petition and she has sufficiently stated a claim for an accounting.

▇▇▇▇ The Chongs argue that even if we find the petition states a cause of action we should affirm on other grounds because Lim is guilty of failure to prosecute. In support of this the Chongs point to the date the original action was filed: 1993. That action was dismissed without prejudice. Lim then refiled essentially the same petition in 1998. After the Chongs moved for a more definite statement, Lim took over two years to amend her petition. The Chongs argue that Lim could have used the rules of discovery during this period to obtain information by which she could have pleaded her case with greater particularity, but failed to do so.

The Chongs request that we affirm the trial court on the alternative ground of failure to prosecute fails for two reasons. First, it is beyond the jurisdiction of a court to order extensive discovery in an accounting before it has determined that the plaintiff has a right to an accounting. *State ex rel. LaBarge v. Clifford*, 979 S.W.2d 206, 208 (Mo.App. E.D.1998) (citing *State ex rel. Rowlett v. Wilson*, 574 S.W.2d 376, 378 (Mo. banc 1978)). Second, it is the trial court that is given wide discretion in dismissing an action for failure to prosecute. The only case the Chongs cite for our authority to affirm the trial court's dismissal on the alternative ground of failure to prosecute is *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 449–50 (Mo. 1976). But in *Shirrell* the trial court itself dismissed the case for failure to prosecute. The supreme court merely affirmed. The trial court here did not dismiss for failure to prosecute, but for failure to state a

claim upon which relief can be granted. The Chongs cite no case where an appellate court affirms a trial court's dismissal for failure to state a claim on the alternative ground of failure to prosecute. The judgment of the trial court is therefore REVERSED with instructions to proceed consistent with this opinion.

CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL, JR., J., concur.