Herbert C. SINGER, Respondent,

v.

Isabel J. SIEDBAND, Appellant.

No. ED 83116.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 18, 2004.

Rehearing Denied July 8, 2004.

Coggan R. Mills, Clayton, MO, for appellant.

Fairfax Jones, St. Louis, MO, for respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Isabel Siedband appeals the judgment entered against her after a jury trial on Herbert Singer's claim for fraud. We affirm.

## I. BACKGROUND

Singer signed a lease agreement for an apartment in a building owned by Siedband's father. Siedband's father died on April 30, 1998. Over a year after his death, Siedband petitioned the probate court to administer her father's estate. The application for letters testamentary filed with the probate court falsely indicated that the decedent's date of death was April 30, 1999. Siedband was appointed personal representative and sued Singer for unpaid rent. During the trial of the rent case, Siedband admitted that the date of death on her letters testamentary was incorrect and agreed in a settlement with Singer to dismiss the case with prejudice.

Singer then sued Siedband, alleging that she intentionally deceived the probate court about her father's date of death to avoid the one-year statute of limitations, thereby allowing her to be named personal representative and maintain the rent action against him. Singer claimed that he suffered damages in the form of the attorney fees he expended to defend the rent case. The jury returned a verdict for Singer and awarded him compensatory and punitive damages. Siedband's motion for new trial was denied, and she appeals. Siedband does not challenge the sufficiency of the evidence to support the jury's verdict that she committed fraud by knowingly presenting a false date of death to the probate court. She challenges only Singer's standing.

## II. DISCUSSION

A party seeking relief must have a legally cognizable interest in the subject matter and a threatened or actual injury. *City of St. Louis v. K & K Investments, Inc.,* 21 S.W.3d 891, 895 (Mo.App. E.D. 2000). "The party must be sufficiently affected so as to insure that a justiciable controversy is presented to the court." *Shannon v. Hines,* 21 S.W.3d 839, 841 (Mo.App. E.D.1999). Without standing, a court has no power to grant relief. *State ex rel. Mink v. Wallace,* 84 S.W.3d 127, 129 (Mo.App. E.D.2002). Standing may be raised at any time by a party or *sua sponte* by the court. *Id.*

### A. Interest

Singer sought relief based on Siedband's fraud under the probate code:

Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this code, or if fraud is used to avoid or circumvent the provisions or purposes of this code, *any person injured thereby* may obtain appropriate relief against the perpetrator of the fraud or restitution from any person, other than a bona fide purchaser, benefiting from the fraud, whether innocent or not. Any proceeding must be commenced within two years after the discovery of the fraud, but no proceeding may be brought against one not a perpetrator of the fraud later than ten years after the time of commission of the fraud. This section has no bearing on remedies relating to fraud practiced on a decedent during his lifetime which affects the succession of his estate.

Section 472.013 RSMo 2000 (emphasis added). Siedband contends that only a person interested in the decedent's estate—such as an heir, beneficiary, or creditor—has standing to seek relief under this statute. We disagree.

Of the few reported cases that mention this statute, none address standing. *See Estate of McCormack v. McCormack,* 676 S.W.2d 928, 931 (Mo.App. E.D.1984) (section not applicable to fraud against decedent during lifetime); *In re Estate of Caldwell,* 794 S.W.2d 257, 264 (Mo.App. E.D.1990) (petition failed to state claim under section without pleading fraud); *Matter of Estate of Snyder,* 880 S.W.2d 596, 598–99 (Mo.App. E.D.1994) (Rule 55 not applicable to claim under section when brought in adversary probate proceeding); *Wheelehan v. Dueker,* 996 S.W.2d 780, 782–83 (Mo.App. E.D.1999) (clear error to deny leave to amend petition to add claim under section) [1]; *see also Bosworth v. Sewell,* 918 S.W.2d 773, 780 n. 5 (Mo. banc 1996) (noting the availability of relief under section to potential will contestant). Only one case refers to the statute's pertinent phrase "any person injured." *Matter of Estate of Widmeyer,* 741 S.W.2d 758, 760–64 (Mo.App. S.D.1987). In *Widmeyer,* the court held that section 472.013 does not mention "foreign administrators" and that to construe this section as authorization for such persons to sue for determination of title in Missouri would conflict with other sections in the probate code forbidding those suits. *Id.* (citing sections 473.677 and 473.678 RSMo 1986). At most, *Widmeyer* instructs that section 472.013 must be harmonized with other parts of the probate code. *See id.* at 764.[2] Otherwise, it and the other cases cited above are of little precedential value in our construction of this statute.

The primary focus of statutory construction is to ascertain the intent of the legislature and give effect to that intent considering the words used in their plain and ordinary meaning. *Lincoln County Stone Company, Inc. v. Koenig,* 21 S.W.3d 142, 146 (Mo.App. E.D.2000). The plain and ordinary meaning of the phrase "any person injured thereby" is not limited to a particular type of person. Rather, *any* person injured by fraud "perpetrated in

1. In *Wheelehan,* this Court noted that the plaintiffs—who were heirs at law, but not included in the will—may have standing to bring a fraud claim under *Thurmon v. Ludy,* 914 S.W.2d 32 (Mo.App. E.D.1995), which involved imposition of a constructive trust, not a section 472.013 fraud claim. 996 S.W.2d at 783 n. 6. This footnoted *dicta* implies nothing about Singer's standing under section 472.013.

2. The concurring opinion in *Widmeyer* also suggests that section 472.013 does not apply to misrepresentation in another state because it is expressly limited to fraud in proceedings "under this code." 741 S.W.2d at 765 (J. Maus, concurring).

connection with any proceeding or in any statement filed under [the probate] code" or "used to avoid or circumvent the provisions or purposes of this code" may seek relief under section 472.013. Thus, the fraud must relate to the probate proceedings, but there is no basis for restricting relief under this section to persons with an interest in those proceedings.

## B. Injury

 Siedband also contends that Singer suffered no actual or threatened injury as a result of the fraud because he paid no damages in the rent case and was not entitled to recover the attorney fees he incurred defending that case. We disagree. Singer's damages were his attorney fees in the rent case, which he was entitled to recover under the collateral litigation exception to the American Rule.

 Ordinarily, parties bear their own attorney fees. *City of Cottleville v. St. Charles County,* 91 S.W.3d 148, 151 (Mo.App. E.D.2002). But a plaintiff may recover those attorney fees expended in collateral litigation with a third party as a result of wrongdoing by the defendant:

> Where ... the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation, reasonable attorneys' fees necessarily and in good faith incurred in protecting himself from the injurious consequence thereof are proper items of damages.

*Johnson v. Mercantile Trust Company National Association,* 510 S.W.2d 33, 40 (Mo.1974). The collateral litigation must have been with a party different than the defendant from whom the fees are sought as damages. *See Cottleville,* 91 S.W.3d at 151.

 Siedband's claim that the rent case involved the same parties as, and therefore was not collateral to, the fraud case is refuted by the record. Siedband proceeded with the rent case in her capacity as personal representative of her father's estate and was sued by Singer in this case as an individual. Although the rent case petitions did not indicate that she was acting as the personal representative, Siedband always understood that she was proceeding in that capacity. The capacity in which a party sues must be determined from the content of the pleadings, not solely from the captions or titles thereof. *In re Estate of Dawes,* 891 S.W.2d 510, 517 (Mo.App. S.D.1994). Here, although he originally thought Siedband owned the building, after learning that it was owned by her father whose estate was in probate, counsel believed that Siedband could only maintain the rent case as the representative of the estate, not as an individual. Thus, at the start of the trial, counsel orally requested to amend the suit and the court permitted the suit to proceed on the basis that Siedband was acting in her capacity as the personal representative of her father's estate. Siedband introduced the letters testamentary at trial to establish her authority to act in that capacity. The oral amendment plus the admission of this evidence—both done at Siedband's behest—were sufficient to amend the pleadings to reflect that she was acting solely in her representative capacity. *See* Rule 55.33(b) and *MFA Livestock Association, Inc. v. Shrewsbury,* 965 S.W.2d 432, 436 (Mo.App. W.D.1998) (evidence presented without objection at trial on issue outside the pleadings automatically amends pleadings to conform to evidence); *see also In re Estate of Miller,* 9 S.W.3d 760, 768 n. 8 (Mo.App. S.D.2000) (person not formally joined as respondent in litigation deemed a

party to suit where served with pleadings and court treated as party at hearings).

Proceeding in a representative capacity is different than proceeding as an individual. In her capacity as a personal representative, Siedband was not acting on her own behalf; rather, she occupied a fiduciary role as to the assets of her father's estate and the interests of claimants thereto. *See Estate of Munzert,* 887 S.W.2d 764, 767 (Mo.App. E.D.1994); *see also, e.g., Estate of Fowler,* 860 S.W.2d 380, 382 (Mo. App. S.D.1993) (representative of estate had no standing to appeal, in that capacity, judgment determining interests of estate's claimants unless aggrieved in representative capacity, even when representative's individual interest in estate is aggrieved) and *State ex rel. Tinnon v. Mueller,* 846 S.W.2d 752, 758–59 (Mo.App. E.D.1993) (party's claim that first suit brought as representative and second as individual refuted by record; both suits brought as individual and therefore involved same parties for *res judicata* purposes). Thus, for purposes of the collateral litigation exception, the plaintiff in the rent case was a different party—Siedband as personal representative—than the defendant in this case—Siedband as individual.

In sum, it was Siedband's fraudulent act that allowed her to pursue the rent case in her representative capacity, and involvement in that suit caused Singer to incur attorney fees.[3] Those fees were recoverable under the collateral litigation exception and, therefore, constituted an actual injury. As a "person injured" by the fraud Siedband perpetrated in connection with the probate proceedings, Singer had standing to seek "appropriate relief" under section 472.013. Siedband's point on appeal is denied.

---

**3.** Even though the rent case settled, attorney fees are still recoverable under the collateral

## III. CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.

litigation exception. *See Stavrides v. Zerjav,* 927 S.W.2d 486, 492 (Mo.App. E.D.1996).