Mike BOSSALER, et al., Appellants,

v.

RED ARROW CORPORATION, Respondent.

No. 66177.

Missouri Court of Appeals, Eastern District, Division Four.

April 4, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 9, 1995.

**630**

John Bleckman, St. Louis, for appellants.

Ross H. Briggs, Dubail Judge, P.C., St. Louis, for respondent.

KAROHL, Judge.

Five truck owner-operators appeal the dismissal for failure to state an equity cause of action in Counts II, V, VIII, XI and XIV of their fifteen-count petition. These counts sought an accounting from Red Arrow Corporation. The court designated its order as a final judgment for purposes of appeal and found no just reason for delay pursuant to Rule 74.01(b). The remaining counts seeking damages for breach of contract by Red Arrow are pending before the trial court.

Mike Bossaler, Mike Lenderman, Mike Silvey, Terry Farmer and Steve Doonan (owner-operators) entered into separate but identical contracts with Red Arrow to provide daily delivery services. The contracts provided they would receive 70% of revenue Red Arrow collected for each of the deliveries. The contracts also expressly provided they were independent contractors of Red Arrow.

Owner-operators filed a fifteen-count petition entitled "PETITION FOR DAMAGES." They alleged Red Arrow had failed to pay the full sums due pursuant to the contracts. The trial court dismissed Counts II, V, VIII, XI and XIV. These counts contained an allegation of a fiduciary relationship with Red Arrow and a prayer for an accounting from Red Arrow. The trial court ruled, as a matter of law, that owner-operators were not entitled to an accounting.

■ Four elements are required to establish equitable jurisdiction for an accounting: 1) the need of discovery, 2) the complicated nature of the accounts, 3) the existence of a fiduciary or trust relationship, and 4) the inadequacy of legal remedies. *Ballesteros v. Johnson*, 812 S.W.2d 217, 220 (Mo.App.1991).

■ The trial court ruled, as a matter of law, owner-operators were not entitled to an accounting. The trial court observed the petition was titled a "PETITION FOR DAMAGES" and nothing more. It also observed owner-operators were independent contractors and for that reason could not have a fiduciary relationship with Red Arrow. Neither observation would support dismissal for failure to state a cause of action. First, Count I states a cause of action for damages and Count II requests equitable relief in the form of an accounting. The "PETITION FOR DAMAGES" language is not decisive. The substance of the pleadings controls and Count II is a petition for equitable relief. Second, an independent contrac-

tor may have a fiduciary relationship with the contractor if the contract contains terms that create that relationship. The provisions of the contract, not the legal status of the parties, control the nature of the relationship.

 The court also dismissed the requests for an accounting "based on the pleadings in this case, based upon the contract, based upon the petition for damages." This finding is supported by the pleadings and supports the dismissal. Each owner-operators' contract was attached and incorporated into the petition. There are no provisions of the contracts that create a fiduciary relationship. The agreed term of payment is 70% of revenue Red Arrow collects from each delivery. Each customer owed Red Arrow for its charges; they were not obligated to pay anything to or for the delivery person. Thus, the agreement did not provide that Red Arrow would ever receive, manage or control property belonging to owner-operators. A fiduciary relationship exists where there is a special confidence reposed on one side and resulting domination and influence on the other. *Service Life Insurance Company of Fort Worth v. Davis,* 466 S.W.2d 190, 196 (Mo.App.1971). The question is whether or not trust is reposed with respect to property or business affairs of the other. *Id.* Red Arrow did not become a fiduciary by the agreement. The contracts create a debt of Red Arrow based upon customer payments to Red Arrow. Red Arrow did not agree to a fiduciary relationship. In the absence of that relationship, owner-operators have an adequate remedy at law and are not entitled to an accounting. For that reason, it is not necessary for us to address other claims of error.

The judgment is affirmed.

AHRENS, P.J., and SIMON, J., concur.