Kevin J. SHANER, Respondent,

v.

SYSTEM INTEGRATORS, INC., Appellant.

No. ED 78395.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 26, 2001.

Carmody MacDonald, John E. Hilton, Clayton, MO, for appellant.

Patrick R. Gunn, Sharon R. Wice, Washington, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

System Integrators, Inc. ("Employer") appeals the judgment entered in favor of Kevin J. Shaner ("Employee") in his action for an accounting. We reverse and remand.

The facts are essentially undisputed. In 1995 and 1996 Employee served as Employer's Vice President of Manufacturing Services. Employee's duties were to maintain and develop the Employer's customer base for its Contract Manufacturing Services Group. Employer also provides engineering consulting services to some of its clientele but Employee was not involved in that aspect of the business.

Employee's compensation was set forth in the letter offering him the position. The letter provided that Employee was to receive an annual salary of $60,000.00. In addition to this salary, Employee was also to receive "a ten percent commission on net profits from contract manufacturing activities for all current and future released products built at [Employer] and not contracted through the efforts of outside agents." For business procured through outside agents, Employee was to be paid the difference between a ten percent commission and the amount of compensation actually paid to the outside agents. The compensation arrangement was in effect in 1995 and 1996. For 1995, in addition to his salary, Employee was paid a commission of $10,000. For 1996, Employee received a commission of $4,173.00. Employer did not provide Employee with an explanation of how either figure was calculated.

After Employee ended his employment with Employer in December 1997, he filed suit for an accounting alleging he was entitled to additional commissions for the years 1995 and 1996 in an amount to be determined by the accounting.

Approximately 10 months after the action was filed, Employee filed a "Motion for Appointment of an Independent Accountant." In this motion, Employee alleged that he had requested Employer to produce those documents necessary to apply the agreed-upon formula in determining his commissions. Employee alleged that an independent accountant was needed so that the court could determine: (1)

whether the documents produced by Employer were adequate to serve as the basis for application of the agreed-upon formula; (2) whether Employer had additional documents which relate to and affect the application of the agreed-upon formula; and (3) what additional amounts, if any, were owed to Employee. Employee made no reference to any rule or other authority for his extraordinary request, nor did he offer any explanation as to why he could not simply retain his own accountant to render an expert opinion on the matters referenced in the motion.

The docket sheet indicates that this motion was continued several times to facilitate settlement discussions. Employer filed no response. Thereafter, the motion was called, heard and submitted. The trial court entered an order requiring the parties and their respective accountants to meet within 30 days to discuss all relevant financial issues raised in the petition. The order further provided that upon notification of either party by a date specified that the parties were unable to resolve all relevant issues, the court would appoint an independent accountant to examine all relevant documents. Counsel were directed to provide the court with a list of three independent accountants for its consideration. Within the time specified, Employee filed a notification with the court that the parties were unable to resolve all relevant issues.

Employer then filed a motion to dismiss alleging that Employee had failed to state a claim for an accounting because Employee failed to adequately allege and could not prove that Employer and Employee had the requisite fiduciary relationship to support an action for an accounting. Employee filed a response claiming he and Employer did have a fiduciary relationship which would support an action for an accounting. The trial court denied Employer's motion. Thereafter, the trial court entered the following order:

> Pursuant to the court's order of June 30, 1999, and having been advised by plaintiff on August 8, 1999, that the issues in this case have not been resolved after a meeting of the parties' accountants, the court hereby appoints Stephen J. Morice as independent accountant pursuant to plaintiff's motion for appointment of an independent accountant. Plaintiff is directed to contact Mr. Morice for the purpose of (1) informing him of this appointment, (2) having him confirm such appointment, (3) having him advise the court of his hourly charges for services to be rendered hereunder, and (4) directing him to begin the process of considering plaintiff's petition and determining plaintiff's damages, if any, thereunder. Mr. Morice is to report his findings and conclusions to this court within ninety (90) days hereof, or such extended time as the court may allow, contemporaneous with the reporting of such findings and conclusions to all counsel of record.

In March 2000, Mr. Morice ("Accountant") sent a seven-page letter to the trial judge and to the parties setting forth his analysis of the dispute and his conclusion that Employee was owed commissions of $37,707 for 1995 and $52,062 for 1996.[1] Sixty days later, Employee filed a "Motion to Adopt Report of Independent Accountant." For the first time in any pleading or court order, Employee urged that the court should adopt the report pursuant to Rule

---

1. The report does not specifically state whether these commissions are the total commissions owed or what is owed in addition to the amounts already paid. From the calculations set forth in the letter, it appears they are the total commissions Accountant found to be owed.

68.01(g) pertaining to the procedure for adopting a report of a special master.

In its suggestions in opposition to Employee's motion, Employer pointed out that Accountant was not appointed pursuant to Rule 68.01, nor had he complied with any of the procedures set forth in that rule.[2] Because neither Employee nor the court indicated at any point that Accountant was being appointed pursuant to Rule 68.01, Employer had no occasion to object to Accountant's failure to follow the procedures specified therein and had no notice that it was expected to file objections to the report within thirty days in accordance with Rule 68.01(g)(2). Employer urged that the report be disregarded or, if the court concluded that it had properly proceeded pursuant to Rule 68.01, that it hold a hearing on the report pursuant to Rule 68.01(g)(3) to permit Employer to present additional evidence. The trial court entered judgment adopting Accountant's report and entered judgment in favor of Employee in the amount of $89,769.00. Following denial of its after-trial motion, Employer appeals.

■ In its first point, Employer claims the trial court erred in exercising equitable jurisdiction over Employee's claim because Employer and Employee did not have the requisite fiduciary relationship to support an action for an accounting and because Employee has an adequate remedy at law in the form of an action for breach of contract. We agree.

■ Four elements are required to establish equitable jurisdiction for an accounting: the need for discovery, the complicated nature of the accounts, the existence of a fiduciary or trust relationship and the inadequacy of legal remedies.

*Ballesteros v. Johnson,* 812 S.W.2d 217, 220 (Mo.App.1991). Of these, the existence of a fiduciary relationship is the most critical element to support the exercise of equitable jurisdiction. As the court explained in *American Button Co. v. Weishaar,* 170 S.W.2d 147, 152 (Mo. App.1943):

> The decisions are agreed that a demand for an accounting will not lie as the sole ground for invoking the jurisdiction of equity, and that before the plaintiff may be accorded an accounting, there must exist some distinct and special ground of equitable jurisdiction to which the demand for an accounting will be fairly incidental or ancillary. Neither the need for discovery nor the complicated character of the accounts will alone establish the inadequacy of the legal remedy, but instead there must be shown a fiduciary or trust relationship between the plaintiff and the defendant which will serve as a foundation for seeking equitable relief. (citations omitted).

In *Bossaler v. Red Arrow Corporation,* 897 S.W.2d 629, 631 (Mo.App.1995), truck owner-operators who were entitled by contract to 70% of the revenue Red Arrow collected for deliveries they made appealed the dismissal of their claims for an accounting. In affirming dismissal of the claims, the court pointed out that neither the terms of the contracts nor Red Arrow's receipt of revenue from its customers created the requisite fiduciary relationship to support an accounting. *Id.* Each customer owed Red Arrow for its charges; they were not obligated to pay anything to or for the truck owner-operators who made the deliveries. *Id.* Thus, Red Arrow never received, managed or controlled any property belonging to the truck owner-

---

**2.** Specifically, Employer pointed out that there was no indication that Accountant had taken the oath required in Rule 68.01(d) and that Accountant had not convened a meeting of the parties as described in Rule 68.01(f).

operators. *Id.* Rather, customer payments to Red Arrow created a debtor-creditor relationship between Red Arrow and the truck owner-operators, which was insufficient to support an equitable action for an accounting. *Id.* The truck owner-operators had an adequate legal remedy in the form of an action for breach of contract and their equitable claims for an accounting were held properly dismissed. *Id.*

Likewise in this case, the contract of employment creates at most a debtor-creditor relationship with respect to any commissions that may be owed by Employer to Employee. Although Employee alleges in his petition that Employer "received monies from its contract manufacturing activities to which [Employee] has a direct claim and, as such, [Employer] holds such funds as a fiduciary or trustee for [Employee]," this is a mere legal conclusion which is refuted by the terms of the contract set forth in the petition. Under the contract, Employee's commission was to be 10% of the net profits from Employer's contract manufacturing activities. This is necessarily an aggregate, after-the-fact calculation that could not possibly give Employee any direct claim to any funds at the time the customers paid Employer for the services rendered.[3]

Only after it was determined that Employer in fact earned net profits from its contract manufacturing activities for a given year would a debtor-creditor relationship be established with respect to any commissions due Employee. As in *Bossaler*, the existence of such a debtor-creditor relationship does not establish the requisite fiduciary relationship to support an equitable action for an accounting and Employee has an adequate legal remedy in the form of an action for breach of contract. *Id.*

From our review of the facts alleged in the petition, Employee has presented a rather straightforward claim that Employer breached its contract to pay him 10% of its net profits from contract manufacturing activities. The parties disagree about the meaning of the term "net profits from contract manufacturing activities." If, as it appears, the term is ambiguous, its meaning in this case can be determined by application of well-established legal principles governing the interpretation of contracts. To permit Employee to mischaracterize the nature of the dispute by mischaracterizing the nature of the legal relationship of the parties would potentially deprive Employer of its right to a jury trial. Such considerations reinforce the historical insistence that an equitable action for an accounting be predicated on a clear showing of a fiduciary relationship.

The cases cited by Employee are distinguishable. *Chandler v. Rosewin Coats, Inc.*, 515 S.W.2d 184 (Mo.App.1974), was a suit by a clothing salesman to recover additional commissions. Although it does contain dicta speculating about whether an accounting might be available under certain circumstances not found to be present in the case before the court, the action brought by the salesman in *Chandler* was apparently a claim for breach of contract, not an equitable accounting, and demonstrates the adequacy of the legal remedy for recovery of commissions.

*Zickel v. Knell*, 357 Mo. 678, 210 S.W.2d 59 (1948), is equally distinguishable. In *Zickel*, the trial court found that a sales agent and his principal were engaged in a joint venture whereby the agent was to receive a salary plus twenty percent of the

---

**3.** Indeed, depending on the level of expense incurred by Employer, it was at all times entirely conceivable the Employer might not earn any net profits from contract manufacturing activities in a given year.

net profits on each contract he obtained. *Id.* at 61. The Missouri Supreme Court held that the facts were sufficient to create a fiduciary relationship which would support an action for an accounting. Id. at 62. Although the court went on to cite with approval cases from other jurisdictions indicating that the complicated nature of the accounts and need for discovery might be sufficient to support an action for accounting, such dicta simply reflects the fact that the case was decided prior to the adoption of more liberal discovery rules.

Employee has never tendered any explanation why present-day discovery methods would be inadequate to afford him complete redress in an action at law for breach of contract. Nor has he properly pled the existence of a fiduciary relationship which would support an action for an accounting. Accordingly, we reverse the judgment in favor of Employee. However, because the petition does plead sufficient facts to support a claim for breach of contract, we further direct that Employee be given a reasonable opportunity upon remand to amend his petition to state such a claim.

In the interest of judicial economy, we will briefly address Employer's remaining point as the status of Accountant's report may be an issue on remand. Employer urges the trial court erred in adopting the report as a report of a special master pursuant to Rule 68.01. We agree. Employer had no notice that Accountant was being appointed as a special master and virtually none of the requirements of Rule 68.01 were followed. Accountant was not sworn, he did not convene a meeting of the parties and Employer was not afforded an opportunity to have a record made or to challenge the contents of the report. Contrary to Employee's contention on appeal, Employer did not waive these requirements. A waiver results from "the intentional relinquishment of a known right."

*Errante v. Kadean Real Estate Service, Inc.,* 664 S.W.2d 27, 29 (Mo.App.1984). Having been afforded no notice whatsoever that Accountant was being appointed pursuant to Rule 68.01, Employer did not intentionally relinquish its right to the procedures set forth therein. Accountant's report is a nullity and shall not be considered on remand. Although either party may seek to retain Accountant as an expert witness, the right to do so is conditioned upon payment of all fees Accountant has charged to date.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.